CLEMENT L. HART ET AL. V. MEAD INVESTMENT COMPANY.

FILED DECEMBER 21, 1897.   No. 7661.

1. Action on Bond: ANSWER: CONDITIONAL SIGNING.  In a suit on a bond, an answer pleading that a defendant signed on condition that others named should also sign before the bond should be delivered and that such others did not sign, is insufficient unless it further alleges that plaintiff had notice of the condition.

2. ——— : ——— : DEFENSE NOT PLEADED.  One of several defendants, sued on a bond, obtaining a favorable verdict on the ground that her signature had been secured by fraud, the other defendants, against whom verdict is at the same time rendered, cannot be heard to complain of the judgment because the release of the successful defendant also released them, they not having pleaded the invalidity of her obligation as a defense for themselves.

ERROR from the district court of Douglas county. Tried below before BLAIR, J.   *Affirmed.*

*D. L. Cartan, E. C. Page, Estabrook & Davis,* and *J. E. Nevin,* for plaintiffs in error.

*William A. Redick, contra.*

IRVINE, C.

In the district court the defendant in error recovered judgment against the plaintiffs in error on a bond signed by the plaintiffs in error and one Carrie Parker, and conditioned for the payment of any deficiency judgment which should be rendered the Mead Investment Company against a corporation known as the Northside Building Association, in a foreclosure suit pending at the time the bond was made.  Broadly stated, the defense relied on by the plaintiffs in error was that they had each signed the bond on condition that others should sign, and that the condition was not complied with.   The district court peremptorily directed a verdict against Hart, Sherman, Nevin, and Parrott.   As to defendant Riley the case was submitted to the jury on certain issues, including that

presented by the defense alluded to.    The defendant
Carrie Parker had apparently, although her answer does
not appear in the record before us, interposed a separate
defense that her signature had been procured by fraud,
and that issue was also submitted to the jury and by it
determined in her favor.

While there are in the petition in error numerous spe-
cial assignments, the case is argued only on the broad
ground that the court erred in directing a verdict in
favor of the plaintiff against the four defendants above
named, and erred in permitting a verdict to be returned
against Riley.

From the pleadings as well as from the evidence it
appears that the defendants were, or were alleged to be,
stockholders or members of the Northside Building As-
sociation, which had given to the plaintiff a mortgage
on a number of lots in Omaha, to secure the payment
of a debt on which there remained due about $15,000.
Suit was pending to foreclose this mortgage and an ar-
rangement was made whereby the greater part of the
debt was secured on other property or paid, and all the
mortgaged property released except two lots.    As to
these lots the foreclosure was to proceed to decree and
sale without the interposition of any defense or exercise
of the right of stay, and the building association agreed,
in the terms of the contract, to "procure the execution
and delivery to second party, by Charles R. Sherman,
and C. L. Hart and others, of a bond in the sum of $1,500,
conditioned for the payment of any deficiency arising
upon said sale, within ninety days from the entry of
judgment for said deficiency."    The theory of the de-
fense was that all the members of the building associa-
tion were to join in the bond.    The defendants other
than Riley pleaded that the condition was not complied
with, in that one Livingston did not sign.    Riley claimed
that the condition was further unperformed in that one
Meadimber did not sign.    The district court in directing
the verdict seems to have proceeded on the theory that

such a defense as the one urged is available only to sureties, and that by the terms of this bond all the defendants except Riley were principals. It is argued that the rule on which the defense is based is not restricted to sureties, and that even if it were, it appears from the face of the bond that the obligation was in the nature of a guaranty of the debt of the building association, and that therefore the defendants would fall within the rule. It would be fruitless to enter into an examination of the questions argued, so far as they relate to these propositions, because in the condition of the pleadings and evidence the judgment was on other grounds correct. The answers are substantially, and in their essential portions verbally, alike. They aver that the building association through its officers came to the defendants with a copy of the contract for a settlement and presented a bond; that the defendants examined these papers, "and upon consideration of the performance of the conditions of said contract, by the parties thereto, and upon the consideration of the signing of said bond by all of the persons named in the body of the bond, this defendant consented, at the request of said Northside Building Association, to sign the document referred to." Further, that the defendants, when they signed said bond, did so "upon the consideration and with the express understanding that one John R. Livingston, named in the bond, would also sign the said bond." To render the defense sought to be interposed available the plaintiff must have had notice of the condition that the bond was not to be delivered until signed by others. (*Cutler v. Roberts,* 7 Neb. 4; *Owen v. Udall,* 39 Neb. 14; *Mullen v. Morris,* 43 Neb. 596; *Brumback v. German Nat. Bank,* 46 Neb. 540.) There is really no distinction in this respect between a bond complete on its face and one bearing in its body the names of persons who have not signed it. In the latter case it has been sometimes held that the fact that names appear in the body of the bond which are not signed thereto is notice to the

plaintiff of the condition attached to its delivery, but this is merely an evidential fact and does not change the rule of law. In *Mullen v. Morris, supra,* it was held that such an incomplete bond is *prima facie* good, that the burden remains on the defendants to establish the conditional delivery. There is in none of the answers any allegation that the plaintiff knew of the condition. Indeed, from the manner of pleading, the inference is that the understanding was between the defendants and the building association alone, and that the plaintiff had no part therein. If we look at the evidence we find sufficient, aside from the fact that the name of Livingston appeared in the body of the bond, to justify submitting to the jury the question of plaintiff's knowledge; but, on the other hand, it is more than doubtful whether there was sufficient to go to the jury on the question of the condition itself. It seems rather that the signing by all the members of the association was a matter insisted upon at first by the plaintiff itself for its own better security, than that any of the defendants attached any condition of that character to his signing, or regarded it as a matter affecting materially his own interest.

It is also contended that, inasmuch as it has been determined by the verdict that Carrie Parker's signature was procured by fraud, all the others are released. It is on this point sufficient to say that none of the plaintiffs in error pleaded any defense of that character.

AFFIRMED.