Hon. William H. Hunt,  } Associate Justices.
Hon. William T. Pigott, }

---

A. C. BOTKIN, Guardian, etc., Respondent. *v.* T. H. KLEINSCHMIDT et al., Appellants.

[Submitted October 15, 1897. Decided March 21, 1898.]

*Bond of Guardian—Liability of Sureties—Judgment Against Principal, Effect of.*

1. Bond of Guardian—*Liability of Sureties.*—The defendants were sureties upon a bond given by a guardian in compliance with an order authorizing him to sell real estate belonging to his ward; the order was recited in the bond which contained the condition that the guardian would "faithfully execute the duties of the trust according to law," instead of the condition provided for in Section 387, Probate Act of the Compiled Statutes, 1887. *Held,* that upon a misappropriation of the funds realized from a sale of real estate upon the order, the sureties were liable therefor.

2. SAME—*Judgment Against Principal. Effect of.*—A judgment against a guardian declaring him to be indebted to the estate of his ward in a stated sum, being the moneys realized upon a sale of real estate made by him under an order of court, is binding upon the sureties on his bond given to secure the faithful performance by him of his trust.

3. SAME.—In an action against the sureties on a guardian's bond, they cannot attack such a judgment collaterally, or claim that the interest allowed in the judgment is incorrect.

*Appeal from District Court, Lewis and Clarke County.*
*II. R. Buck, Judge.*

ACTION by A. C. Botkin, guardian of the person and es'ate of William Kohlweiss, against T. H. Kleinschmidt and others, on the bond of Henry C. Yaeger, former guardian. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

This is a suit on a guardian's bond. From the pleadings and record it appears that on July 3, 1889, Henry C. Yaeger was duly appointed and qualified as guardian of one Kohlweiss, an insane person. On September 9, 1889, the probate court of Lewis and Clarke county by proper order authorized Yaeger to sell certain real estate belonging to said insane ward. In pursuance of said order of sale, Yaeger executed the bond required by law in such cases, with defendants Kleinschmidt and Parchen as sureties thereon, in the sum of $10,000.

The condition in said bond is as follows: "That whereas, by an order of the Probate Court of the said County of Lewis and Clarke, Territory of Montana, duly made and entered on the 9th day of September, 1889, the above-bounden Henry C. Yaeger was authorized to sell lot No. 20, in block No. 26, property of said insane person, upon executing a bond according to law, in said sum of ten thousand dollars: Now, therefore if the said Henry C. Yaeger, as such guardian, shall faithfully execute the duties of the trust according to law, then this obligation to be void; otherwise, to remain in full force and effect."

On October 22, 1889, Yaeger sold the real estate mentioned for the sum of $3,500. On March 9, 1893, his letters as

guardian were revoked, and the plaintiff herein was appointed and qualified as his successor. On December 2, 1895, the District Court of said county settled and adjudicated the account of said Yaeger as guardian of said estate, and duly adjudged the said Yaeger to be indebted to said estate in the sum of $4,595, being the amount for which the·real estate was sold and the interest thereon, less some items of commission and costs, and ordered the said Yaeger to pay the same immediately to plaintiff, which the said Yaeger has failed to do. The defendants interposed a demurrer to the complaint in this action upon the grounds: (1) That the same did not state facts sufficient to constitute a cause of action; (2) that, while an embezzlement is alleged as of the date when the moneys were received, other facts alleged in the complaint show that it would have been an impossibility that there could have been an embezzlement at that time, because it appears that the moneys came lawfully into Yaeger's possession, and that he was not required by law to keep the cash received in kind, but only to stand ready to turn over when lawfully ordered by the court so to do, and that there was, therefore, in law, no embezzlement until the court had made an order requiring the guardian to pay the moneys over to some person, and which order he had refused to obey; (3) because there has been no judgment or order of the court fixing the liability of the principal, and until this has taken place no right of action exists against the sureties.

The demurrer was overruled. The defendants Parchen and Kleinschmidt then answered, denying the embezzlement, or that they assumed any obligations as to real estate proceeds, or that any judgment of debt was entered against Yaeger.

Upon the trial the defendants made special objections to the proofs upon the same grounds presented by their demurrer and answer. The proofs offered on the part of plaintiff were the records showing the order removing Yaeger as guardian of the estate, as shown above, and appointing plaintiff his successor, and the judgment, wherein the court adjudged Yaeger to be indebted to the estate in the amount as given above.

Thereupon the appellants moved for a nonsuit, which was overruled, and, they making no further defense, judgment was entered against them for the sum of $4,595, with interest and costs. From this judgment, defendants appeal.

*Toole & Wallace,* for Appellants.

*A. C. Botkin, T. J. Walsh* and *C. B. Nolan,* for Respondent.

PEMBERTON, C. J.—Counsel for appellants contend that, as the conditions of the bond sued on are not the conditions prescribed by Section 387, page 370, of the Compiled Statutes of 1887, but are conditions prescribed by Section 358, page 363, same statute, they cannot be held liable in this action.

Section 358 refers to the general duties and obligations of guardians, and the conditions of the bonds they are required to execute when they take charge of the estates of their wards.

Section 387 has reference to bonds which guardians are required to give before selling real estate of their wards under order of the court, and is as follows: "Every guardian, authorized to sell real estate, must, before the sale, give bond to the probate judge, with sufficient surety, to be approved by him, with conditions to sell the same in the manner, and to account for the proceeds of the sale, as provided for in this chapter and Chapter VII of this title."

Counsel for appellants contend that this is a special statute, governing the execution and prescribing the conditions required in bonds before real estate of the ward can be sold by the guardian under order of the court, and that, as the conditions named in the bond in suit are not in conformity with the requirements of this section, but are such as are prescribed in said Section 358, the appellants are not liable on the bond.

It will be observed that this section (387) does not prescribe any special conditions. The conditions are that the guardian will "sell the same in the manner, and to account for the pro-

ceeds of the sale, as provided for in this chapter and Chapter VII of this title.'' So it will be seen that the manner of the sale of real estate, and how the proceeds thereof shall be accounted for, are not prescribed in Section 387, but by this section the manner of sale and how the proceeds shall be accounted for by the guardian are such as are prescribed in the two chapters named. So that all the provisions of these two chapters, referring to the manner of sale of real estate and the accounting for the proceeds, entered into the bond executed under Section 387 as much as if they had been directly referred to, or written word for word therein as conditions. And, besides, both the sections involved here are included in the same chapter. The conditions of the bond refer to the order of the court authorizing the guardian to sell the real estate. A trust was thereby confided to the guardian. These appellants obligated themselves as his sureties that he would faithfully perform the trust mentioned in the bond. A literal interpretation of the bond requires that they should stand good for its performance. A construction of the statutes that would relieve them of their plain liability would be, in our judgment, as unauthorized as unjust.

Counsel have cited authorities to the effect that sureties on the general bond of a guardian are not liable for the proceeds of the sale of real estate made by the guardian under order of the court; that the sureties on the special bond required to be given in such cases are alone liable. But these cases are not applicable. This is a case involving 'the liability on the special bond,—not the bond given for the general administration of the ward's estate. ( *Withers* v. *Hickman*, 6 B. Mon. 292; *Powell* v. *Powell*, 48 Cal. 234; Woerner on Am. Law of Guardianship, page 134.)

Counsel for the appellants insist that the judgment of the District Court against Yaeger as guardian, whereby the status of his account was determined and he adjudged to be indebted to the estate in the amount sued for and ordered to pay over the same immediately to his successor, was rendered without notice to the sureties, and that they are, therefore, not bound thereby.

Woerner says: "It is the undertaking of the surety on a guardian's bond that his principal shall discharge all his official duties; and, since one of the duties of the guardian is to pay the amount found to be due by him to the ward by a court having jurisdiction for such purpose, it follows that the judgment to that effect must be binding upon the surety, unless obtained by fraud or mistake. Hence, it is held to be a well-settled principle that the sureties in a guardian's bond are *prima jacie* bound by a recovery against their principal, although they were not parties to the suit, and that they can relieve themselves only by showing that the amount recovered was in excess of the amount to which plaintiff was entitled, or that he was not entitled to recover at all." (Woerner on Am. Law of Guardianship, page 149. See, also, Brandt on Suretyship and Guaranty, § 580.)

In *Brodrib* v. *Brodrib*, 56 Cal. 563, it is held that a judgment against the guardian in such cases is conclusive, not only against him, but against his sureties also. ( *Chaquette* v. *Ortet*, 60 Cal. 594; *Biggins* v. *Raisch*, 107 Cal. 210, 40 Pac. 333; *Deobold* v. *Opperman* 19 N. E. (N. Y.) 94.)

We think by the great weight of authority the sureties in this case are bound by the judgment against their principal, notwithstanding they were not parties to the suit.

It is also claimed by appellants that judgment was rendered against Yaeger for too much interest by the District Court. This matter cannot be inquired into now. The judgment of the District Court is conclusive in this action. If the judgment was rendered for too great a sum, the parties aggrieved should have sought their remedy in the District Court, and, failing there, should have appealed. No remedy is obtainable in this collateral action.

We are of the opinion the judgment should be affirmed, and it is so ordered.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.