KENCK, ADMR., RESPONDENT, *v.* PARCHEN ET AL., APPELLANTS.

[No. 1,083.]

[Submitted April 14, 1899.  Decided May 8, 1899.]

*Executors and Administrators—Conditions of Bonds—Signature of Principal—Liability of Sureties—Res Judicata.*

1.  The sureties on a joint and several administrator's bond cannot defeat their liability on the ground that it was signed by them on condition that the administrator should sign before delivery, since such bond is good as to the sureties, without the signature of the principal, who procures and delivers it.

2.  The delivery of an administrator's bond without the signature of the principal is not a violation of an agreement with the sureties that the bond was not to be filed with the probate court until he had signed it, where his name was signed in the body of the instrument before delivery.

3.  It is, as a matter of law, immaterial where a signature to a bond be; it is as binding when found anywhere else in the paper as it is when appearing at the end; provided it appear, as a matter of fact, that the party meant to be bound by his signature so placed.

4.  A judgment against an administrator in a probate proceeding determining the amount of his indebtedness to the estate is conclusive as against the sureties, and cannot be inquired into collaterally.

*Appeal from District Court, Lewis and Clarke County; H. R. Buck, Judge.*

ACTION by Joseph Kenck, as administrator of the estate of William Craigie, deceased, against Henry M. Parchen and T. H. Kleinschmidt, impleaded with Henry C. Yaeger.  From a judgment for plaintiff and an order denying their motion for a new trial, defendants appeal.  Affirmed.

*Toole & Wallace,* for Appellants.

A bond, joint and several on its face, purporting to be that of both principal and sureties, subscribed by the sureties alone, is sued on in this case.  At the time of its execution by the sureties it was left with the principal obligor upon the condition that it should not be filed until subscribed by him. The question arises:  Do these facts constitute a defense to the sureties?  The following propositions are deduced from the authorities:

(a)   An extreme line of cases declares that where the obligation is joint of principal and sureties, and lacks the subscription of the principal, it is an incomplete invalid contract, even though no conditions were made by the sureties at the time of signing. (*City* v. *Dunlap*, 14 Cal. 421, 424; *People* v. *Hartley*, 21 Cal. 588, 589; *City* v. *Mellus*, 59 Cal. 449; 17 Mass. 591, 904; *Cavanaugh* v. *Castleman*, 88 Cal. 549; *Woods* v. *Washburn*, 2 Pick. 24 (Administrator's bond); *Sharp* v. *U. S.*, 4 Watts, 21, (28 Am. Dec. 676); *Savannah Ry. Co.* v. *Clark*, 23 Fla. 308, (2 So. 667); *Lovett* v. *Adams*, 3 Wend. 380; *Com.* v. *Magoffin*, 25 S. W. 599).

(b)   As to a joint and several bond like ours, which on its face purports to be the bond of principal and sureties, and only signed by the latter, if there was in fact a condition of signing that it should not be delivered until subscribed by the principal, the appearance of the bond imparts notice to all the world, and when the condition is proven it is a defense to the surety because the condition is a part of his contract. (*Fletcher* v. *Austin*, 11 Vt. 449; *Kurtz* v. *Forquer*, 29 Pac. 413 (Cal.); *Woods* v. *Washburn*, 2 Pick. 24; *Wild Cat Branch* v. *Ball*, 45 Ind. 213; *Ney* v. *Orr*, 2 Mont. 562; *State* v. *Wallis*, 57 Ark. 64 (20 S. W. 811); *King* v. *Smith*, 2 Leigh 157 (Va.); *Haskins* v. *Lombard*, 16 Me. 140; *Nash* v. *Fugate*, 18 Am. Rep. 640; *Mullen* v. *Morris*, 62 N. W. 74, 77, (in which case many authorities are reviewed and classified, and nearly all of them referred to); also *Williams* v. *Luther*, 30 S. W. 199; *State* v. *McDonald*, 40 Pac. 312).

The cases expressly distinguish between a bond apparently complete on its face and one that is incomplete—holding as to the former that it puts all the world on its guard, and as to the latter that actual notice must be brought home to the obligee.   This distinction is recognized in California, as shown by 14 Cal. 424, and by 29 Pac. Rep. 413, the latter being a joint and several bond.   So, also, in Maine they hold the undertaking invalid where bond incomplete on its face, in 16 Me. 140; but otherwise where no proof of actual notice, and the bond complete on its face, in 53 Me. 284.   So in Vir-

ginia, they hold that, as to an incomplete bond, it is invalid
in 2 Leigh, 157; 18 Gratt. 808; but otherwise, as to a bond
complete on its face and no notice shown, in 24 Gratt. 202.
So in Vermont they hold the former rule, in 11 Vt. 447; and
the latter rule as to a bond complete on its face in 31 Vt. 318.
So in Indiana they hold the latter rule as to an apparently
complete bond in 31 Ind. 76; the former rule as to a bond in-
complete on its face, in 45 Ind. 213.     From the classification
of cases in 62 N. W. 77, it will be seen that there is no con-
troversy in the doctrine that a bond incomplete on its face
puts everybody on notice to find out whether there were any
conditions; the only dispute arises as to whether an incomplete
bond is *prima facie* evidence of a condition, so as to put the
plaintiff to the burden of showing the non-existence of condi-
tions.     This latter question is not in this case, however, as
the condition is a fact, found by the court, as is also the in-
complete character of the bond.     That this condition to a
joint and several bond can be legally made where the paper is
left with the co-obligor and principal is decided, after full
discussion of the question, and consideration of the cases in 18
Gratt. 811, 812, 813, where the conclusion is reached, also,
that ''all the cases agree'' that the condition is always valid
where the bond appears incomplete on its face. (See also 62 N.
W. Rep. 74, 77, *supra; Williams* v. *Luther*, 30 S. W. 199).
In the Calkins case, 13 Montana, 365, the statute required
only an undertaking, not a bond; while here the statute and
the order of appointment, each expressly required a bond,
thus making subscription by the principal essential to the
completion of the instrument. ( *Wier* v. *Mead*, 101 Cal.
125, 35 Pac. Rep. 567, 568, 569.)  A case squarely in
point on administrator's bond.  *Board* v. *Sweeney*, 4 8
N. W. 302).  And in the Calkins case, Mr. Justice De-
Witt in his concurring opinion expressly reserves his view
on the question now before us.  Our Supreme Court never in-
tended to attack these principles so firmly established every-
where; as one of the cases that holds to the extreme view
under *a, supra,* (*Picot* v. *Webster*, 14 Cal. Rep. 203), is after-

ward approvingly quoted in *Rodini* v. *Lytle*, 17 Mont. Rep. 452, to the extent of two pages.

(c)   The distinction between conditional delivery to a third person and to the principal obligor is that, in the former instance, though the bond be complete on its face, it is notice; while in the latter it is not notice unless the bond be incomplete on its face, when the paper itself is notice. ( *Whitsell* v. *Mebane,* 64 N. C. 345, 18 Am. Rep. 640.)

*T. J. Walsh,* for Respondent.

PIGOTT, J.—From June 23, 1888, to January 28, 1893, defendant Yaeger was administrator of the estate of William Craigie, deceased.   On the day last mentioned his letters were revoked, and on June 12th following plaintiff qualified.   On December 2, 1895, in a proceeding against Yaeger for an accounting touching his administratorship, the court found that on September 1, 1889, he had converted to his own use $2,256 of the money of the estate, which sum, with interest thereon at the rate of 6 per cent. per annum from October 1, 1889, amounting in all to $3,090.72, he still owed the estate; and judgment against Yaeger was rendered accordingly.   To recover the sum so adjudged due from Yaeger, this action was brought against him and his sureties on his official bond, of which the following is a copy:

"Know all men by these presents, that we, Henry C. Yaeger, as principal, and T. H. Kleinschmidt and Henry M. Parchen, as sureties, are held and firmly bound to the Territory of Montana in the sum of five thousand dollars, lawful money of the United States of America, to be paid to the said Territory of Montana, for which payment well and truly to be made we bind ourselves, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated this 20th day of June, 1888.

"The condition of the above obligation is such that whereas, by an order of the probate court of the county of Lewis and Clarke, Territory of Montana, duly made and entered on

the 13th day of June, 1888, the above-bounden Henry C. Yaeger was appointed administrator of the estate of William Craigie, deceased, and letters of administration were directed to be issued to him upon his executing a bond, according to law, in said sum of five thousand dollars.

"Now, therefore, if the said Henry C. Yaeger, as such administrator, shall faithfully execute the duties of the trust according to law, then this obligation to be void, otherwise to remain in full force and effect.

"T. H. KLEINSCHMIDT.    [SEAL]
"H. M. PARCHEN.          [SEAL]"

Yaeger presented the bond to the probate judge, who approved it on June 23d, and the clerk, after filing it, issued letters to Yaeger, who had already taken the oath prescribed.

The sureties answered, denying that Yaeger converted any funds of the estate. They interposed also the following plea: "Deny that these answering defendants ever executed, made or delivered the said alleged bond set forth in paragraph 3 of said complaint; and, while admitting that they signed the same, they aver that they signed the same without intending to enter into any independent undertaking for themselves, and upon the express condition and direction to the defendant Yaeger that the same should not be filed with the probate court until said Yaeger himself had signed the same as principal, and that the said Yaeger was so named as a party to said bond upon the face thereof, but that he never signed or executed the said bond."

Trial was by the court without a jury. The testimony of the sureties tended to show this state of facts: When Yaeger presented the bond to them for their signatures he had already filled in the blanks in the bond, with the exception of the names of the sureties. His own name, which appears three times in the bond, was written therein by himself. Entertaining the opinion that the bond would not be an obligation binding Yaeger, and that they would be principals and have no recourse to him thereon, unless his name were subscribed thereto, the sureties signed the bond and delivered it to Yae-

ger, with secret instructions not to file it until signed by him. Yaeger never subscribed the bond. The court found that the sureties signed the bond upon the express condition between themselves and Yaeger that the same should not be filed with the probate court until Yaeger had subscribed the bond, and that the approval and filing of the same by the probate judge, and clerk was without the knowledge of the sureties, but held that the sureties were nevertheless liable. Judgment was entered accordingly for $3,341.10, including interest; from which, and from an order denying their motion for a new trial, the answering defendants appeal.

1. The first assignment is that the court erred in rendering judgment for any amount against the sureties on the bond, it being insisted that the instrument sued on is, under the facts stated, not enforceable against them, because they did not consent to its delivery. This condition is disposed of adversely to defendants in *Woodman* v. *Calkins*, 13 Mont. 363, 34 Pac. 187, and *Cockrill* v. *Davie*, 14 Mont. 131, 35 Pac 958. The cases of *Hart* v. *Mead Investment Co.*, 53 Neb. 153, 73 N. W. 458, *Byers* v. *Gilmore*, 10 Colo. App. 79, 50 Pac. 370, and *Doorley* v. *Farmers & Mechanics' Lumber Co.*, 4 Kan. App. 93, 46 Pac. 195, are likewise in point and to the same effect. See, also, *Kurtz* v. *Forquer*, 94 Cal. 91, 29 Pac. 413. Were the bond joint only, and not joint and several, different principles might perhaps be applicable, as was held in *Weir* v. *Mead*, 101 Cal. 125, 35 Pac. 567.

For another reason the assignment is without merit. The answer, as will be observed, avers that the sureties signed the bond upon the condition that Yaeger should also sign it, and that they did not consent to the delivery without his signature. Yaeger did effectually sign the bond by writing his own name three times in the body of the bond, and delivering it to the probate judge, thereby adopting the signatures written by him. (*McLeod* v. *State*, 69 Miss. 221, 13 South. 268.) It is, as a matter of law, immaterial where the signature be; it is as binding when found anywhere else in the paper as it is when appearing at the end, "the question being always open

to the jury whether the party, not having signed it regularly at the foot, meant to be bound by it as it then stood, or whether he left it so unsigned because he refused to complete it.'' (*Johnson* v. *Dodgson*, 2 Mees. & W. 653; *State* v. *Hill*, 47 Neb. 456, 66 N. W. 541.) The answer states that the condition imposed on, and the direction to, Yaeger was that the bond should not be filed with the probate court until he had signed it,—not that his subscription must prcede the filing. The delivery of the bond was not, therefore, a violation of the condition pleaded. (*State* v. *Hill*, *supra*.)

2. The remaining assignment is that the court erred in rendering judgment for any amount above $2,256, and interest from December 14, 1895, when the demand was first made on appellants. This question was presented in *Botkin* v. *Kleinschmidt*, 21 Mont. 1, 52 Pac. 563, where it was, in effect, decided that a judgment against an administrator in a probate proceeding of the character of the one involved here is conclusive as against the sureties, and cannot be inquired into collaterally; and we affirm the doctrine there declared.

The judgment and the order denying a new trial are affirmed.

*Affirmed.*

BRANTLY, C. J., and HUNT, J., concur.

