STATE EX REL. COHEN, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,944.)

(Submitted November 11, 1916. Decided January 27, 1917.)

[162 Pac. 1053.]

*Certiorari—Probate Courts—Jurisdiction—Executors and Administrators—Attorneys' Fees—Recovery Back.*

Executors and Administrators—Employment of Counsel.
1. The employment of counsel by an administrator is a personal matter, and creates no relation between the attorney and the estate.
   [As to power of administrators to make estates of decedents liable for attorneys' fees, see note in 93 **Am. Dec.** 393.]

Same—Attorneys' Fees—Recovery Back—Probate Courts—Jurisdiction.
2. Where an administrator expends funds of the estate in his charge for the employment of counsel, and the probate court refuses to make allowance therefor, he or his bond must make good; but the estate cannot demand of, nor can the court while sitting in probate order, the attorney to return such funds without a jury trial of the issues presented in a proper civil action, upon the necessity and value of the services.

Same.
3. Funds of an estate expended by the administrator for attorney's fees are not recoverable on the theory that the attorney—a stranger—has property of the estate in his possession for which he may be called to account under sections 7505 and 7506, Revised Codes; the jurisdiction of the court sitting in probate under these provisions extending no further than to require the accused to appear and submit to an examination, it having no power to adjudge rights which may be asserted or involved.

Proceeding by the State, on the relation of M. S. Cohen, against the District Court of the Fifth Judicial District in and for the County of Jefferson, and Honorable Joseph C. Smith, a Judge thereof, to review and annul an order of the court while sitting in probate. Order annulled.

*Messrs. Nolan & Donovan,* for Relator, submitted a brief; *Mr. L. P. Donovan* argued the cause orally.

*Mr. J. H. Alvord* and *Mr. J. E. Kelly,* for Respondents, argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Proceeding on the relation of M. S. Cohen to review and annul a certain order of the district court of Jefferson county sitting in probate.   The record shows the following: James S. Flaherty, administrator of the estate of Edward Cardwell, deceased, filed his affidavit in the matter of said estate, reciting that John L. Cardwell, his predecessor in the administration, had without permission of the court paid to the relator a certain sum of money out of the funds of said estate, and that said funds are short in the amount so paid.   Thereupon a citation was issued commanding the relator to appear and show cause why he should not be adjudged as in contempt for receiving said money, and why he should not be compelled to repay the same to the administrator Flaherty.   The relator appeared, and by appropriate motion challenged the sufficiency of the affidavit to warrant any citation or to give jurisdiction to the court.   This was overruled, and evidence was taken which tended to show that prior to the payment by Cardwell to the relator an order had been made by said court forbidding the disbursement of any funds of said estate by the administrator or by the depositary without express authority of the court; that Cardwell hired the relator and Mr. L. P. Donovan to conduct certain important litigation in which the estate was involved which required counsel to proceed to Billings, Columbus, Boulder and other places, and made the payment in question for account of the expenses thereof; and that Cardwell knew, but the relator did not know at that time, of the order forbidding disbursements without express authority.   At the close of the hearing, the court, Honorable Joseph C. Smith presiding, made the order in question, commanding the relator.

to repay said money within ten ·days, and directing that his failure so to do be reported by the clerk for further action.

Some things of record, not material to the present inquiry, furnish an explanation of the order. The altogether unsatisfactory report of the administrator Cardwell shows that, besides the payment to ·the relator, various sums have been disbursed for fees and expenses of the attorneys without apparent necessity; and the spectacle of a small estate expending a large proportion of its substance in this way offers the righteous judge strong temptation to act summarily. This course, however, often defeats the purpose in view, because it goes too far or, for other reasons, cannot, as a matter of law, be upheld.

It is so here. The court was under no obligation to· allow the expenditures, but could rightfully hold, as it did hold, that the administrator Cardwell should answer for the same; but [1] engagements between an administrator and an attorney for services to be rendered the estate are wholly personal, stand entirely upon the individual responsibility of the contracting· parties, create no relation between the attorney and the estate. (*State ex rel. Kelly* v. *District Court,* 25 Mont. 33, 63 Pac. 717; 1 Ross on Probate Law, p. 763 *et cit.*) In contemplation of the law, payments made pursuant to such engagements are of no concern to the estate or those interested in it, until the administrator asks that allowance be made to him for them. He pays always at his own peril, for he can be allowed only such expenses in the care, management and settlement of the estate as are necessary, including reasonable attorney's fees (Rev. Codes, sec. 7631), and his judgment may be rejected by the probate court on the score of amount as well as of necessity. If this happens, he or his bond must make good regardless of whether he in turn can or cannot recoup from the attorney. As the attorney [2] cannot demand of the estate or receive from it, as such, moneys for services rendered, so the estate cannot demand of him moneys received from the· administrator on the latter's sole responsibility. Were it otherwise, the estate would not be more but less protected than it is, for any attempt on its part to re-

cover would mean issues, based upon the necessity and value of the services, triable not to the probate court, which is directly concerned in the conservation of the estate, but to a jury in a civil action. (See *Estate of Sullivan,* 36 Wash. 217, 78 Pac. 945.)

Nor can the order be upheld upon the theory that the relator, [3] a stranger to the estate, possesses or has disposed of property, to-wit, funds, belonging to the estate for which he may be called to account. In such a case the probate court may require the parties accused to appear and submit to an examination (Rev. Codes, secs. 7505, 7506), but it has no jurisdiction to adjudge the rights or claims of right which may be asserted or involved. This, also, can only be done by the district court sitting as such in an action brought for the purpose. (*In re Roberts' Estate,* 48 Mont. 40, 135 Pac. 909.)

It follows that the order in question must be and it is annulled.

*Order annulled.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.