BAKER, ADMR., RESPONDENT, *v.* HANSON ET AL., APPELLANTS.

(No. 5,564.)

(Submitted October 30, 1924. Decided December 5, 1924.)

[231 Pac. 902.]

*Executors and Administrators—General and Additional Bonds — Statutes — Liability of Sureties — Citation to Make Disclosure—Nature of Remedy—Misjoinder of Parties Defendant—Improper Uniting of Causes of Action.*

Executors and Administrators—Order Approving Final Account—When Conclusive upon Sureties on Bond.
    1. An order approving the final account of an administrator and adjudging a certain amount to be due from him to his successor a modification of which was not asked nor an appeal taken, fixed his liability and was conclusive upon his sureties.

Same—General and Additional Bonds—Extent of Liability of Sureties.
    2. The general bond of an administrator given under section 10088, Revised Codes of 1921, covers all moneys coming into his hands, whether from sale of real property or otherwise; while the additional bond required by section 10089 upon sale of real property belonging to the estate is security for his acts in that respect only.

Same—Sale of Real Property—General and Additional Bonds—Liability of Sureties.
    3. Since under the rule above (par. 2) the proceeds of a sale of real property of an estate in the hands of an administrator are secured by both his general bond and the additional one required on such a sale, the sureties on both are equally liable and therefore the contention that liability on the additional bond does not attach until the penalty of the general bond has been exhausted is without merit.

Same—Bonds—Misjoinder of Parties Defendant.
    4. Where sureties on an administrator's general bond were joined as defendants with the sureties on his additional bond given upon a sale of real property, to recover for a misappropriation of the proceeds of a sale of personal property for which the latter sureties could not be held liable, there was a misjoinder of parties defendant.

Same—Misjoinder of Causes of Action.
    5. Under section 9130, Revised Codes, causes of action may be united only when they affect all the parties to the action; hence where one of two causes of action affected only one of several defendants, there was a misjoinder and the court erred in overruling a special demurrer to the complaint based on that ground.

---

    3. Liability of sureties on general bond of guardian, executor or administrator, as affected by a special bond, see note in 42 L. R. A. (n. s.) 308.
    5. Necessity, under code practice, that causes of action joined affect all parties defendant, see note in 3 Ann. Cas. 285.

[72 Mont. 22.]

Same—General, Additional and Further Bonds—Nature of Undertakings.

6. The additional bond which may be exacted from an administrator under section 10089, Revised Codes, upon a sale of real property belonging to the estate in his charge, is distinct from the further security which may be required under sections 10094, 10099 and 10102, whenever his general bond is deemed insufficient, and, when required, the latter security becomes in contemplation of law a part of his general bond and the sureties become subject to the same measure of liability.

Same—Citation to Make Disclosure—Order Does not Adjudicate Any Rights.

7. An order of the district court sitting in probate made pursuant to a citation to a former administrator under sections 10141–10142, Revised Codes, to appear and be examined concerning his disposition of personal property belonging to the estate, cannot go further than require a disclosure to be used in an action pending or to be brought in behalf of the estate; it cannot finally adjudicate any right.

Same—Concealment of Property—Order Approving Final Account—Not *Res Adjudicata.*

8. The rule that an order approving an administrator's final account is conclusive of all matters involved which might have been disputed at the hearing but were not, has no application in an action by his successor against the sureties on his predecessor's bond to recover property of the estate fraudulently concealed by him, where no one interested in the estate prior to the time he presented his final report knew of the existence of the property or that it belonged to the estate.

Same—Citation to Make Disclosure—Prima Facie Evidence Only—Sureties—Defense Permissible.

9. Since an order requiring a former administrator to make disclosure of property enumerated therein as belonging to the estate is only *prima facie* evidence of the right of the then administrator to its possession, the sureties on the former's bond in an action against them may defend by showing what amount of property came into their principal's hands and what disposition he made of it, the claim against them being altogether unliquidated, and it was therefore error to strike their special defense in that behalf from the answer.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

ACTION by Edgar J. Baker, as administrator of the estate of George Van Parker, against Herschel Hanson and others. Judgment for plaintiff and defendants appeal. Reversed and remanded.

*Mr. C. W. Buntin,* for Appellants Seidel and Christensen, and *Messrs. Gunn, Rasch & Hall,* for Appellant Fidelity Com-

pany, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

The complaint fails to state a cause of action against the bonding company as it does not allege that plaintiff had first exhausted his remedies against Hanson and the sureties on his general bond. The weight of authority is that the general bond of an administrator and an additional bond given on a sale of real estate are separate and distinct and that an action does not lie upon the additional bond until it affirmatively appears that the penalty of the general bond has first been exhausted. (*Salyers* v. *Ross,* 15 Ind. 130; *Hughes* v. *Goodale,* 26 Mont. 93, 91 Am. St. Rep. 410, 66 Pac. 702; *Southern Surety Co.* v. *Burney,* 34 Okl. 552, 43 L. R. A. (n. s.) 308, 312, 126 Pac. 748; *Hart* v. *Stribling,* 21 Fla. 136.) From the foregoing authorities we submit that the sureties on the two bonds are not cosureties, that there is no right of contribution between them, and that no action may be maintained against the special bondsmen unless it affirmatively appears upon the face of the complaint that the remedies under the general bond have been exhausted. In the complaint here no such allega-tion appears.

If, as heretofore shown, the sureties on the additional bond are not liable until plaintiff has first exhausted his remedies against the sureties on the general bond, and if, as further shown, the conditions of the two bonds are not identical and do not cover the same object or purpose within the meaning of section 9084, Revised Codes, then we contend that there is a misjoinder of parties defendant and that the bonding com-pany's separate special demurrer should have been sustained. This defendant should not be joined in an action on the gen-eral bond. (*Reid* v. *Hennessy Co.,* 45 Mont. 462, 124 Pac. 273.)

Two causes of action improperly united: The rule is well settled that, where an additional or special bond is authorized in an order directing a sale of real estate, the sureties on such additional bond are only responsible for misappropriation of

the proceeds received from such sale and are not liable for the loss of funds received by the administrator from other sources and which are covered by his general bond. (24 C. J., p. 624, sec. 1570; *Durfee* v. *Joslyn*, 92 Mich. 211, 52 N. W. 626; *Frederickson* v. *American Surety Co.*, 135 Minn. 346, 160 N. W. 859; *Burtch* v. *State*, 17 Ind. 506, squarely in point; *State ex rel. Riggs* v. *Coleman*, 73 Mo. 684; *Mann* v. *Everts*, 64 Wis. 372, 25 N. W. 209; *Salyers* v. *Ross*, 15 Ind. 130.)

If the complaint does state a cause of action against this defendant on the additional bond, then we submit that when the appellant seeks to recover in one suit and in one cause of action on both the general bond and on the additional bond, for the value of personal property and for the proceeds from the sale of real estate, two causes of action have been improperly united, and that the third ground of defendant's separate demurrer should have been sustained.

When a former administrator renders a final account pursuant to citation issued under section 10295, Revised Codes of 1921, the account has the same force and effect as an account rendered by an acting administrator under sections 10288 to 10304, inclusive. Under section 10303, the motion to reopen or set aside the decree must be made in the same case or probate proceeding in which the decree was allowed and filed, and cannot be reopened or set aside in an independent action, such as plaintiff is now trying to maintain. (*Tobelman* v. *Hildebrandt*, 72 Cal. 313, 14 Pac. 20; *Washington* v. *Black*, 83 Cal. 290, 23 Pac. 300; *In re Pratt's Estate*, 119 Cal. 156, 51 Pac. 47.)

This decree "is conclusive of all matters involved which might have been disputed at the hearing, although no objection was in fact made." (*In re McDougald's Estate*, 146 Cal. 191, 79 Pac. 878.) As to the conclusiveness of decrees settling accounts, unless reversed on appeal or reopened or set aside on motion, in the manner provided for in section 10303, see *Tobelman* v. *Hildebrandt, supra; Washington* v. *Black, supra; In re Grant's Estate*, 131 Cal. 426, 63 Pac.

731; *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847; *Benning* v. *Superior Court,* 34 Cal. App. 296, 167 Pac. 291; *In re Estate of Murphy,* 57 Mont. 273, 188 Pac. 146.

Upon the authorities above, we submit that the separate defenses pleading this decree, settling Hanson's final account, as conclusive against plaintiff's claim for $1,290, for alleged value of the personal property is good, and that it was error for the court to sustain the demurrers thereto and to strike out the material portions thereof.

*Messrs. Worden & Grant,* for Respondent, submitted a brief; *Mr. Walton H. Grant* argued the cause orally.

As to the jurisdiction of the court to render the decree of April, 1922, we submit that jurisdiction is clearly conferred by section 10295, Revised Codes of 1921. It clearly had jurisdiction of Hanson and his bondsmen, even if no answer had been filed; and the court could, and did, render the judgment or decree of April, 1922, in accordance with the account stated upon such hearing. Even had Hanson and his sureties appealed from the decree of April, 1922, we submit that they could not have reversed the decree. (*In re Radovich's Estate,* 74 Cal. 536, 5 Am. St. Rep. 466, 16 Pac. 321; *Re Estate of Sanderson,* 74 Cal. 199, 15 Pac. 753; *Griffith* v. *Godey,* 113 U. S. 89, 96, 28 L. Ed. 934, 5 Sup. Ct. Rep. 383 [see, also, Rose's U. S. Notes].)

Construing a statute identical with our section 9084 the California supreme court held that a bond given upon qualifying and a bond given upon sale of real estate are cumulative, that the bondsmen may be sued jointly and that the sureties are liable to contribution *inter sese.* (See *Powell v. Powell,* 48 Cal. 234; *Evans* v. *Gerkens,* 105 Cal. 311, 38 Pac. 725; *Elizalde* v. *Murphy,* 163 Cal. 681, 126 Pac. 978; *Lacoste* v. *Splivalo,* 64 Cal. 35, 30 Pac. 571.)

The appellants are sureties on the bonds of the former administrator, and they appeared with him in the proceeding resulting in the decree of April, 1922. That decree is con-

clusive, as admitted by appellants by citing section 10303, Revised Codes of 1921, and the authorities thereunder. They cannot attack that decree collaterally. The separate answers of Seidel and Christensen and the bonding company are essentially the same, as stated in their brief. Both admit all the essential averments of respondent's complaint, and the only attempt to raise issues of fact therein are by denials of facts found to be true by the decree of April, 1922, and by allegations touching the validity of such decree. All those denials and immaterial allegations were properly stricken as collateral attacks upon such decree. (*Southern Surety Co.* v. *Burney,* 34 Okl. 552, 43 L. R. A. (n. s.) 308, 126 Pac. 748; *Reither* v. *Murdock,* 135 Cal. 197, 67 Pac. 784; *Nickals* v. *Stanley,* 146 Cal. 724, 81 Pac. 117; see, also, *Slagle* v. *Entrekin,* 44 Ohio St. 637, 10 N. E. 675; *Casoni* v. *Jerome,* 58 N. Y. 315; *Housh* v. *People,* 66 Ill. 178; *Stoval* v. *Banks,* 10 Wall. (U. S.) 583, 19 L. Ed. 1036 [see, also, Rose's U. S. Notes].) See, also, the following authorities upon the general proposition of collateral attack of a decree: *Kenck* v. *Parchen,* 22 Mont. 519, 74 Am. St. Rep. 625, 57 Pac. 94; *Amestoy Estate Co.* v. *Los Angeles,* 5 Cal. App. 273, 90 Pac. 42; *Chaquette* v. *Ortet,* 60 Cal. 594; *Evans* v. *Gerken,* 105 Cal. 311, 38 Pac. 725; *Treweek* v. *Howard,* 104 Cal. 434, 39 Pac. 20.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1918, Herschel Hanson was appointed administrator of the estate of George Van Parker, deceased, and duly qualified by taking the statutory oath and giving bond in the sum of $2,000, with John O. Seidel and Chris Christensen as sureties. In January, 1919, the court ordered the administrator to sell the real property belonging to the estate, but required an additional bond in the sum of $2,000, which was furnished, with the United States Fidelity & Guaranty Company as surety. From the sale Hanson realized $1,700, and soon thereafter left the state without accounting for the proceeds. In June, 1919,

he was removed as administrator, and Edgar J. Baker was appointed in his stead. Thereafter Hanson transmitted to the court his final account, which was duly approved on February 2, 1921. In the order approving the account the court determined that Hanson had received $1,700 and was entitled to credit for $1,049.14, leaving a balance of $650.86 due to his successor in office. In November, 1921, a citation was issued to Hanson and to the sureties upon each of his bonds, requiring them to appear in court on January 3, 1922, and show cause, if any they had, why Hanson should not be examined concerning ten cattle, eight horses and some farm machinery, alleged to belong to the estate and which he had failed to mention in his final report. Hanson, being beyond the jurisdiction of the court, could not be compelled to appear in person, but he transmitted an answer in which he denied that he had received a portion of the property and stated the disposition he had made of that portion which he did receive.

The Fidelity Company disclaimed any responsibility for the acts of Hanson in dealing with the personal property, and referred to Hanson's answer for a further return to the citation.

A hearing was had and on April 24, 1922, the court found that Hanson had received ten head of cattle, seven head of horses and some farm machinery, belonging to the estate, of the aggregate value of $1,290, which he had converted to his own use or otherwise wrongfully disposed of, and which he had failed to mention in his final account. The court also ordered that Hanson pay over to his successor in office the sum of $1,290, and also the further sum of $650.86 found due by the order of February 2, 1921, and, if payment were not made, that the present administrator proceed by suit or otherwise to collect the amounts. Thereafter this action was commenced by Baker, as administrator, against Hanson, Seidel, Christensen and the Fidelity Company, to recover $1,940.86, with interest. The complaint sets forth the probate proceedings in substance, and discloses that the amount demanded is made

up of the two items mentioned—$650.86, the balance from the sale of the real property, and $1,290, the value of the personal property alleged to have been wrongfully converted.

To this complaint Seidel and Christensen interposed a general demurrer, and the Fidelity Company a demurrer, general and special. Hanson was not served with summons and did not appear. Each of the demurrers was overruled and answers were filed, one by Seidel and Christensen jointly, and a separate answer by the Fidelity Company. Upon motion of plaintiff a portion of each answer was stricken, and a demurrer to each answer was sustained. The defendants, declining to plead further, suffered judgment to be rendered and entered against them and appealed.

The questions presented involve a consideration of the character of the claims sued upon, the character of the bonds, and the liability of the sureties.

1. The claim for $650.86 is liquidated. When the court [1] approved the former administrator's final account, and adjudged that there was due to the present administrator the sum of $650.86, and there was no appeal and no appropriate proceeding had to surcharge the account or to have the order modified, the adjudication fixed the liability of Hanson for that amount at least, and became conclusive upon the sureties. (*Botkin* v. *Kleinschmidt,* 21 Mont. 1, 69 Am. St. Rep. 641, 52 Pac. 563; *Kenck* v. *Parchen,* 22 Mont. 519, 74 Am. St. Rep. 625, 57 Pac. 94; *In re Smith's Estate,* 60 Mont. 276, 199 Pac. 696; *Irwin* v. *Backus,* 25 Cal. 214, 85 Am. Dec. 125; *Chaquette* v. *Ortet,* 60 Cal. 594.)

2. The bond upon which Seidel and Christensen are sureties [2] is the general bond of an administrator given pursuant to the requirements of section 10088, Revised Codes of 1921, as a condition precedent to letters being issued. It secures the faithful performance of all the duties imposed upon the administrator, including the duty to account for the moneys coming into his hands by virtue of his office, whether received from the sale of real property or otherwise. (*Hughes*

v. *Goodale,* 26 Mont. 93, 91 Am. St. Rep. 410, 66 Pac. 702; *Evans* v. *Gerken,* 105 Cal. 311, 38 Pac. 725; 24 C. J. 1064.)

The bond upon which the Fidelity Company is surety is the additional bond for which provision is made in section 10089, and which may be exacted upon a sale of real property belonging to the estate. It secures the faithful performance of the duty of the administrator with respect to the conduct of the sale and the proper disposition of the proceeds, but it is not security for the acts of the administrator with respect to any other property belonging to the estate. In 24 C. J. 624, the rule is stated as follows: "The special bond given for the sale is in the nature of additional security, and creates a liability, not for the general administration of the estate, but only with reference to the sale." (*Durfee* v. *Joslyn,* 92 Mich. 211, 52 N. W. 626; *Burtch* v. *State,* 17 Ind. 506; *Mann* v. *Everts,* 64 Wis. 372, 25 N. W. 209.)

The duty of the administrator to account for the personal property or its value is secured by the general bond only; whereas his duty to account for the proceeds of the sale of real property is secured by both bonds.

It is contended, however, that the liability upon the additional bond does not attach until the penalty of the general bond is exhausted, and authorities are cited which support the contention; but in our judgment the rule which they declare should not be adopted in this state. We think it apparent from a cursory reading of section 10089 that the exaction of an additional bond upon the sale of real property is a precautionary measure designed to secure the funds derived from the sale; that the sureties on that bond and the sureties on the administrator's general bond are equally liable; and that the nature of their respective obligations is the same so far as the conduct of the sale and the disposition of the proceeds are concerned. (*Durfee* v. *Joslyn,* above.)

3. From what has been said it follows that there is a misjoinder of parties defendant so far as the cause of action for the recovery of the $1,290 is concerned.

4. There is also a misjoinder of causes of action.   Section 9130,
[5]   Revised Codes, enumerates the causes of action which may
be united, and concludes: ''The causes of action so united must
all appear on the face of the complaint to belong to one only
of these classes, and must affect all the parties to the action.''
As observed before, the cause of action upon the claim for
$650.86 does affect all of these parties, but the cause of action
upon the claim for $1,290 does not affect the defendant Fidelity Company; hence the two causes of action cannot be
joined, and the court erred in overruling the special demurrer to the complaint.

In their argument in support of the contention that these
[6]   causes of action and the several defendants are properly
joined, counsel for plaintiff fail to distinguish between the
additional bond which may be exacted upon the sale of real
property, and the further security which may be required
whenever the general bond of the administrator is deemed to
be insufficient.   Provision for such further security is made in
sections 10094, 10099 and 10102, Revised Codes, and, whenever
required, it becomes in contemplation of law a part of the general bond and the sureties become subject to the same measure
of liability; but it is altogether distinct from the additional
bond which may be required upon the sale of real property.
The cases cited by counsel have no application to the facts
here presented.

5. Plaintiff relies upon the order of April 24, 1922, as an
adjudication that the sum of $1,290 is due from Hanson to
the estate, and, since there was not any appeal from that
order, nor any other appropriate proceedings had to reopen
the matter, it is contended that the order became final and
conclusive upon Hanson and likewise upon the sureties.

So far as the Fidelity Company is concerned, it would make
no difference whether the order of April 24 is or is not an
order approving a supplemental final account of the former
administrator, since that company is not responsible for the
acts of the administrator in dealing with the personal property

belonging to the estate; and neither would the character of that order affect the question of misjoinder of causes of action or parties defendant. But the character of the order does affect the defendants Seidel and Christensen, for, if it were in point of law an order approving an account of the former administrator, these sureties are concluded by it.

The citation issued in November, 1921, was issued pursuant [7] to the provisions of sections 7505–7506, Revised Codes of 1907 (secs. 10141–10142, Rev. Codes 1921), and the only thing which the court could do in the matter was to order Hanson to make disclosure. In considering these sections of the Code, this court in *In re Roberts' Estate,* 48 Mont. 40, 135 Pac. 909, said: "These provisions are remedial in their nature, and confer power upon the court, when sitting in probate proceedings, analogous in its scope and object to the power of a court in chancery upon bills of discovery. (*Mesmer* v. *Jenkins,* 61 Cal. 151.) The proceeding authorized by them is of an ancillary character, however, and is confined to securing a discovery of evidence upon which the administrator or executor may recover assets belonging to the estate which would otherwise be lost. The adjudication of disputed rights of property is not within their scope, for the order which section 7506 authorizes the court to make cannot go further than to require a disclosure which may be used in an action pending or to be brought in behalf of the estate. (*Ex parte Casey,* 71 Cal. 269, 12 Pac. 118.) The order cannot finally adjudicate any right. The utmost effect such an order could have in any case would be to fix the rule of evidence to be observed in an action brought to establish the right asserted in behalf of the estate." To the same effect is the decision in *State ex rel. Cohen* v. *District Court,* 53 Mont. 210, 162 Pac. 1053.

Counsel for plaintiff insist that the citation was not issued for the purpose of discovery but to compel the former administrator to account, under the provisions of section 10295, Revised Codes; but the answer to this is that the former administrator had already rendered a final account which had

been approved, and, in the absence of an appeal from the order, section 10303 provides the exclusive method by which the account could be reopened or the order modified, and that method was not observed in this instance. If the order of April 24 assumes to be an order approving a supplemental final account, it is sufficient to say that the court was without authority to make it. Whatever may be its form or designation, it is in legal effect only an order for disclosure.

6. Defendants Seidel and Christensen insist that the order [8] of February 2, 1921, approving the final account of the former administrator, fixed their ultimate liability at $650.86, and they pleaded the order as *res judicata.*

Section 10303, Revised Codes, provides: "The settlement of any account and the allowance thereof by the court or judge, or upon appeal, is conclusive against all persons in any way interested in the estate [except persons laboring under disability]; provided, the court may, upon motion of any party interested, or upon its own motion, within sixty days after the rendition of the decree in cases of inadvertence, or within sixty days after the discovery of the facts constituting the fraud, reopen or set aside any decree of any settlement on the grounds of inadvertence or fraud."

Under a similar statute the courts of California have held repeatedly that the order approving an administrator's final account is conclusive "of all matters involved which might have been disputed at the hearing, although no objection was in fact made." (*In re McDougald's Estate,* 146 Cal. 191, 79 Pac. 878; *Estate of Adams,* 131 Cal. 415, 63 Pac. 838; *Estate of Ross,* 179 Cal. 358, 182 Pac. 303.) This appears to be the general rule, and we approve it. (24 C. J. 1029.) But it cannot be urged seriously that, if an administrator is artful enough fraudulently to conceal property belonging to the estate and wrongfully fail to include it in his report, the order approving the report condones his misdeeds and relieves him and the sureties on his general bond from all liability for such

property. The bare statement of the proposition is its own answer. (24 C. J. 1069.)

It does not appear from the record before us that at the time Hanson presented his final report the present administrator or anyone else interested in the estate knew of the existence of the personal property or that it belonged to the estate; hence the allegations in their answer are not sufficient to make the plea of former adjudication available.

But these defendants insist, further, that if they may not [9] rely upon the order approving the final account as limiting their liability to $650.68, they are entitled to defend against the claim of $1,290, and to that end to show what amount of personal property came into the hands of the administrator and what disposition he made of it. This contention is unanswerable. The claim for $1,290 is altogether unliquidated. The order for disclosure made upon the hearing on the return to the citation is only *prima facie* evidence of the right of the present administrator to the personal property (sec. 10142, Rev. Codes), and the court erred in striking the special defense from their answer.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

Mr. Chief Justice Callaway, Associate Justices Rankin and Stark and Honorable Frank P. Leiper, District Judge, sitting in place of Mr. Justice Galen, disqualified, concur.

Rehearing denied December 23, 1924.