OLIVERI, Respondent, *v.* MARONCELLI et al., Appel-
LANTS.

(No. 7,066.)

(Submitted May 26, 1933. Decided June 14, 1933.)

[22 Pac. (2d) 1054.]

Cause submitted on briefs of counsel.

*Messrs. Wood & Cook,* for Appellants.

*Mr. M. S. Galasso* and *Mr. James H. Baldwin,* for Respondent.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment entered by the district court of Silver Bow county, awarding the plaintiff, Henry Oliveri, the sum of $1,116.37.

On April 14, 1923, in the district court of Musselshell county, Mary Maroncelli, one of the defendants here, was appointed guardian of the persons and estates of John and Henry Oliveri, minors. Thereafter, in accordance with the order appointing her guardian, she took the oath and filed a surety bond in the sum of $2,000. The American Surety Company, co-defendant, executed the bond as surety. After the ward Henry Oliveri had attained his majority, the guardian

made a report to the court, designated as first and final account, showing a balance of funds in her possession in the sum of $1,021.07. On March 16, 1931, the district court of Musselshell county, sitting in probate, made the following order:

"It is ordered and decreed, that the said —— account be, and the same hereby is, in all respects as the same was rendered and presented for settlement, approved, allowed and settled, and it further appearing to this court that the said guardian ought to be discharged and the residue of the estate of said ward as appears from the above and foregoing account should be turned over to said ward, he having attained a majority, it is therefore further ordered that the guardian herein be and she is hereby discharged and her bondsman released of further liability henceforth herein and that she turn over to said Henry Oliveri, her ward, the residue and balance of said estate as appears from said account."

No part of the balance on hand decreed to be due the ward was paid by the guardian to Henry Oliveri, and he brought this action to recover the same from the guardian and the surety company.

Defendants demurred to the complaint, objected to the introduction of any evidence, and moved for a nonsuit and a directed verdict; both motions were denied. Both defendants appealed, but only the surety company filed a brief. The grounds upon which the defendant surety company relied in the lower court, and the bases for its specification of error on appeal, are identical. They are, first, that plaintiff neither pleaded nor proved that the surety company had notice, whether actual or constructive, of the hearing on the account of the guardian; hence the surety is not bound by the decree. Second, that by the language of the decree the defendant surety was released from liability on its bond.

Defendant surety company relies upon section 10558, Revised Codes of 1921, which reads in part: "In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors

in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title, and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding.''

Appellant asserts that, under this section, as a surety it is not bound by the order or judgment against the guardian, in view of the fact that it did not have knowledge, actual or constructive, of the pendency of the proceeding.

By the terms of section 10463, Id., the provisions of sections 10018 to 10464, Revised Codes of 1921 (the probate practice sections), are made applicable to proceedings in guardianship. Section 10299 reads as follows: ''When any account is rendered for settlement, the court or judge may appoint a day for the settlement thereof; the clerk must thereupon give notice thereof by causing notices to be posted in at least three public places in the county, setting forth the name of the estate, the executor or administrator, and the day appointed for the settlement of the account. The court or judge may order such further notice to be given as may be proper.''

Section 10300 provides for the notice of the hearing upon an account and of the time fixed for settlement thereof. Section 10301 permits interested parties to file exceptions to the account and to contest the same, and by section 10303 the allowance of the settlement of the account (with certain exceptions not material here) is made conclusive on all interested parties.

The decree in question recited proof of notice under section 10304, and this was sufficient proof of notice. Hence, under these Code provisions, the defendant surety, an interested party, was given all the notice to which it was entitled. This notice, being prescribed by statute, must be held to be constructive notice within the meaning of section 10558. Constructive notice is that notice which is implied by law. (Sec. 8780, Rev. Codes 1921.) Such notice is analogous to a summons and serves the same function. (*Hoppin* v. *Long,* 74

Mont. 558, 241 Pac. 636; *In re Davis' Estate,* 35 Mont. 273, 88 Pac. 957.)

It has been held in this state, and generally, that a surety ██ on a guardian's bond is concluded by the settlement of the account of the guardian, even though he was not a party to the proceeding and had no notice thereof. (*Botkin* v. *Kleinschmidt,* 21 Mont. 1, 52 Pac. 563, 69 Am. St. Rep. 641; 28 C. J. 1294.) The same rule applies to a surety on an administrator's bond. (*Swanberg* v. *National Surety Co.,* 86 Mont. 340, 283 Pac. 761.) Counsel for defendant surety company urges that this rule is abrogated by section 10558, supra; but, since in this case the surety had constructive notice, we deem it unnecessary to determine the effect of this section upon the broad rule announced in the case of *Botkin* v. *Kleinschmidt,* supra. (See *Kenck* v. *Parchen,* 22 Mont. 519, 57 Pac. 94, 74 Am. St. Rep. 625; *In re Smith's Estate,* 60 Mont. 276, 199 Pac. 696; *Baker* v. *Hanson,* 72 Mont. 22, 231 Pac. 902.)

The second important question is: Was the surety dis- charged from liability on the bond by the language of the decree heretofore set out? We do not believe that a fair construction of the decree leads to the conclusion urged by defendant surety company. It surely was not the intention of the court that the guardian was to be immediately discharged, even though those particular words, "It is therefore further ordered that the guardian herein be and she is hereby discharged and her bondsman released from further liability," standing alone, might so indicate. However, the rest of the sentence indicates that the discharge of the guardian was conditioned upon the turning over to the ward of the money adjudged to be due. The rest of the sentence reads: "And that she turn over to said Henry Oliveri, her ward, the residue and balance of said estate as appears from said account." We believe that those words, indicating a present release of the surety, are likewise conditioned upon the payment by the guardian of the money due the ward.

It is argued that the court had the right to discharge the surety under the terms of section 10458, Revised Codes 1921. There can be no question about the right of the court to discharge a surety from further obligation under the terms of this section; but the authority contained in that section contemplates the giving of a new bond. No reasonable construction of the section would authorize the discharge of a surety without the giving of a new bond, or, in case a new bond could not be furnished, without the actual delivery of the trust fund to someone authorized to receive it. Certainly the court could not order the discharge of a surety and the termination of liability without in some way protecting the trust property. It could not be left in the possession of the guardian without surety protection, as required by the statute. Such a construction of the law would mean that a guardian, or administrator, might account for funds, obtain a discharge, and then refuse to deliver the trust funds to the one entitled to receive them. The plain intent of the whole probate law in such respect demands that there be surety protection at all times during which the guardian or administrator has the possession of the property. The construction of the decree under consideration contended for would create an interim in the proceedings during which there would be no surety guaranteeing the protection of the funds. A consideration of the decree as a whole does not bear out the contention that the court intended to, or did in fact, order the release of the guardian or her surety without delivery of the trust funds to the ward.

The only other specification relates to the exclusion of evidence. The surety company offered to prove that Mary Maroncelli did not actually receive a large portion of the funds accounted for as guardian, but that she held them in the capacity of administratrix of the estate of the father of John and Henry Oliveri. This offer was rejected. The evidence was offered for the purpose of attacking collaterally the correctness of the amount set forth in the decree. An

order approving an accounting is not subject to collateral attack (*Swanberg* v. *National Surety Co.,* supra; *Botkin* v. *Kleinschmidt,* supra; *Kenck* v. *Parchen,* supra; *In re Smith's Estate,* supra); and, in the absence of proceedings to surcharge the account or have the order modified, the correctness of the amount recited therein is conclusive upon the surety (*Baker* v. *Hanson,* supra).

No error appearing, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and ANDERSON concur.