HUDSON and others v. BISHOP.

(*Circuit Court, N. D. Iowa, E. D.* May, 1887.,

1. GUARDIAN AND WARD—SUIT ON BOND—LEAVE OF COURT.

Rev. St. Wis. c. 170, § 3968, provides that "in case of any breach" of a guardian's bond, the bond "may be prosecuted in the name of the ward for the use and benefit of such ward, or any person interested in the estate, *whenever the county court shall direct.*" *Held,* the bond running to the ward by name, and it being the duty of the guardian, by its terms, to settle with the ward personally, the ward, after coming of age, could maintain suit in his own name on the bond, against the sureties, without first obtaining authority to do so from the county court.

2. SAME—SUIT ON BOND—LIMITATION OF ACTIONS.

The death of the guardian before the ward comes of age operates to "discharge" him, within the meaning of Rev. St. Wis. c. 170, § 3968, providing that "no action shall be maintained against the sureties on any bond given by a guardian, unless it be commenced within four years from the time when the guardian shall have been discharged;" and the special limitation in that section in favor of the sureties begins to run from the date of the death.

3. SAME.

The guardian was appointed in 1866, and died in 1875; his estate being closed in 1883. An accounting was had in 1874, which disclosed a balance in favor of the ward. This balance was proved against the estate, and allowed by the probate court in 1876, but it was never paid in full. *Held,* that a suit against surety on the bond, commenced in 1886, to recover the balance, was barred by the four-years limitation of Rev. St. Wis. c. 170, § 3968; the guardian "having been discharged," at the latest, by the proof and allowance of the claim against his estate in 1876.

4. SAME.

Rev. St. Wis. c. 170, § 3968, provides that "no action shall be maintained against the sureties on any bond given by a guardian unless it be commenced within four years from the time when the guardian shall have been discharged." *Held,* that the bond being statutory, and the limitation a special one for the benefit of the sureties as contradistinguished from the guardian, the limitation entered into and formed a part of the sureties' contract.

5. LIMITATION OF ACTIONS—CONFLICT OF LAWS—ACTION ON GUARDIAN'S BOND.

Under Code Iowa, § 2534, providing that, "whenever any cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter," the fact that the surety on a guardian's bond in Wisconsin removed from that state into Iowa does not prevent him from setting up the Wisconsin statute of limitations as a defense to a suit in Iowa on the bond, where at the time he left Wisconsin the bar of that statute had already fallen.

At Law.

Action on guardian's bond. On demurrer to petition.

*Lewis & Pfund* and *Henderson, Hurd & Daniels,* for plaintiffs.

*Starr & Harrison,* for defendants.

SHIRAS, J. In January, 1866, one Robert Limon was duly appointed by the county court of Dane county, Wisconsin, the guardian of plaintiffs, who were then minors, and executed a bond in the sum of $8,000, with William Powell and E. D. Bishop as sureties, conditioned for the faithful performance of his duties as guardian; the same being given pursuant to the provisions of chapter 170, Rev. St. Wis., section 3968 of which is as follows:

"Every bond given by a guardian shall be filed and recorded in the office of the county court requiring the same, and in case of any breach of the condition thereof, may be prosecuted in the name of the ward for the use and benefit of such ward, or any person interested in the estate, whenever the county court shall direct; but no action shall be maintained against the sureties on any bond given by a guardian unless it be commenced within four years from the time when the guardian shall have been discharged. But if, at the time of such discharge, the person entitled to bring such action shall be under any legal disability to sue, the action may be commenced at any time within four years after such disability shall be removed."

On the thirteenth day of April, 1874, an accounting was had in the county court of Dane county, Wisconsin, with the guardian, and it was found and adjudged that he had in his hands belonging to his wards the sum of $4,748.55. In 1875 said Limon, guardian, died, and administration was had on his estate, the same being closed in the year 1883. The available assets were insufficient to pay the debts in full, and consequently the amount coming to plaintiffs was not wholly paid; the claim therefor having been duly filed in, and allowed by, the probate court in Wisconsin having charge of said estate. To recover the balance thus unpaid this action is brought by the wards, they being now of full age, against the surety, Bishop, who is now a resident of Iowa; the petition having been filed on the ninth day of July, 1886.

By demurrer to the petition two questions are presented: (1) Can the action be maintained without averring and showing that the county court of Dane county, Wisconsin, authorized and directed the bringing of the suit? (2) Is the action barred by lapse of time?

Upon the first proposition it is contended by defendant that, under the provisions of section 3968, no suit can be maintained upon a guardian's bond unless the same is directed to be brought by the county court in which the bond is filed. Counsel have not cited any decision by the supreme court of Wisconsin construing this section in this particular. While the true meaning of the provisions is not clear, and the mere language is open to the construction claimed for it by counsel for defendant, yet such construction should not be placed upon it unless it is clear that such is the legislative intent, for thereby a restriction would be created upon the rights of the wards for which no sufficient reason is perceived. The clause of the section is permissive, and not restrictive, in its purport, and confers authority upon the court to direct suit to be brought in the name of the ward, for the benefit of the ward, or of any other person interested. Without such authority it would be questionable whether a third party could sue upon the bond, or whether the ward could maintain suit during the continuance of the guardianship. To obviate all question, under such circumstances, authority to direct suit to be brought is conferred upon the court; but is there any reason why it should be held that after the wards come of age they may not maintain suit thereon without authority from the court? Under the terms of the bond, it is made the duty of the guardian to settle his accounts with the wards, if they shall be of full age, and to pay to the parties entitled thereto the sums found due them. This is an express contract with the wards.

The bond runs to the wards by name; and surely, if it is the duty of the guardian to settle with the wards personally when they become of age, they must have the right to enforce such settlement by suit on the bond, and such right is not dependent on the order of the court.

The second question presented is whether it appears that the action is barred by the lapse of time. The express provision of section 3968 is that—

"No action shall be maintained against the sureties on any bond given by a guardian unless it be commenced within four years from the time the guardian shall be discharged."

This is a special limitation for the benefit of the sureties, and does not affect the right to recover from the guardian. The limitation begins to run "from the time the guardian shall be discharged." On part of plaintiffs, it is argued that the guardian is not discharged until there has been a final accounting and settlement, and an order or judgment entered adjudging the amount due from the guardian, and ordering its payment. This construction would make the words "shall be discharged" equivalent to the term "final settlement of accounts." Practically, this may be, in the majority of instances, the time when the guardian is discharged. For instance, when the ward becomes of age, it is the duty of the guardian to settle his accounts, and turn over all property in his hands belonging to the ward. The fact that the ward comes of age does not, *ipso facto*, change the relation in which the guardian holds the property from that of a statutory trustee to that of a debtor. Holding the property of the ward, he is bound to exercise proper care thereof, and this duty and obligation will continue until he has duly accounted for and delivered up possession of the property. But is this true in case of the death of the guardian before the ward comes of age? In such case the personal care and management of the property by the guardian is at an end. Are the sureties on the guardian's bond to be held liable for the acts or negligence of others than their principal? Is not the guardian discharged when by any reason he is relieved from any further control over the property of the ward? Such a discharge does not relieve from liability for all past acts; but is he not discharged from further liability by reason of the fact that his power to control is at an end? The death of the guardian ends, of course, all personal control over the property. His estate becomes liable for all sums found due to the wards. If it is ascertained that at the date of the death of the guardian a certain sum was in the hands of the guardian belonging to the wards, and the same is not paid, the sureties on the bond may be liable therefor; but, under the statute, suit thereon must be brought within four years from the discharge of the guardian, and it seems to me that death is such a discharge.

If this be the correct construction of the statute, it follows that the four years would begin to run at the date of Limon's death, in 1875; but, if this is not the true reading of the statute, then, when in fact did it begin to run under the theory of plaintiffs? The petition avers that in 1874 a settlement of accounts was had in the county court of Dane county, and

it was adjudged that there was in the hands of the guardian the sum of $4,748.55, with which he was to stand charged; that the guardian died in 1875; that administration on his estate was had; that the above claim for $4,748.55 was presented and allowed by the proper court as a claim against the estate; and that various payments were made thereon, extending from November 6, 1876, down to the year 1883. Was not the account of the guardian settled, allowed, and ordered to be paid when it was filed in and allowed by the court as a just claim against the estate?

It is claimed in argument that the guardian cannot be deemed to have been discharged until the final winding up of his estate in 1883; that it could not be known how much would be left due and unpaid, and therefore the four-years limitation did not begin to run until the final winding up of the estate. The amount due from the guardian to the wards was ascertained when the claim was allowed. If not paid at once, the condition of the bond was broken, and the wards were not compelled to await the final settlement of the estate before resorting to the bond. The bond is not conditioned for the payment of any deficiency left after resorting to the property of the principal, whether he be living or dead, but for the proper discharge of the duties of the guardian, including prompt settlement, and payment of all amounts in his hands, when the guardianship should be terminated. If Limon had been removed, or had resigned the guardianship, in 1875, and, failing to pay over or account for the sum of $4,748.55 charged against him, suit had been brought against him individually to enforce the collection thereof, can it be true that the limitation of four years enacted for the protection of the sureties would would not begin to run until the final termination of the action against Limon, and the exhaustion of all means to enforce the collection of the debt from his property? If not, then why, in case of his death, is the running of the statute to be postponed until all means have been exhausted to collect from his estate? Under any view that can be taken of the statute, the four-years period began to run not later than the date of the allowance of the claim against the estate of Robert Limon, and it had therefore expired long before this suit was brought.

The statute, however, contains another exception, and that is that, if the parties interested are under any legal disability to sue, the action may be commenced at any time within four years after the removal of such disability. It does not appear from the averments of the petition, or upon the record in any form, when the wards came of age, and it may therefore be true that, under the second exception, the right of action still exists.

On behalf of plaintiffs, it is claimed that the fact that the present defendant removed from Wisconsin, and is now a resident of Iowa, prevents him from availing himself of the limitation contained in the Wisconsin statute. If the four-years limitation had expired before the defendant left the state of Wisconsin, then, under section 2534, Code Iowa, the action would be barred in this state.

The allegations of the petition do not show when the defendant ceased to be a resident of Wisconsin, and hence, upon demurrer, it cannot be

held that the action is barred by lapse of time, unless it be true that the four-years limitation is part of the contract of suretyship. It is well settled that statutes of limitation may be enacted affecting existing rights, if a reasonable time is allowed within which actions may be brought after the passage of the act. *Terry* v. *Anderson*, 95 U. S. 628. It is equally well settled that "the laws which exist at the time and place of the making of a contract, and where it is to be performed, enter into and form part of it. This embraces alike those which affect its validity, construction, discharge, and enforcement." *Walker* v. *Whitehead*, 16 Wall. 314. When the legislature of Wisconsin provided for the giving of a bond by a guardian, it had a right to enact and declare the duties and obligations imposed thereunder upon the sureties signing the same. The extent of the liability thereby imposed is to be determined by the statute of Wisconsin, no matter in what forum suit may be brought thereon. When the statute in express terms declares that, as against the sureties, no action can be maintained unless brought within four years after the discharge of the guardian, this defines the extent of the liability of the surety. It cannot be treated as a mere matter affecting the remedy upon the contract of suretyship, but it is part of the contract itself. In this regard sureties stand in a different position than the principal. The guardian receiving the property of his wards would be liable to account therefor without any statutory declaration to that effect. He has no vested interest in any particular period of limitation, and cannot complain if the statute should be entirely abrogated. When, however, a person is asked to assume the position of a surety for another, by signing a statutory bond, and the statute expressly limits his liability by providing that he cannot be sued thereon after a fixed period, it will not do to hold that the limitation is a mere matter of form, affecting the mode of procedure, and that it may be wholly taken away by legislative enactment. It is a substantial right protecting the surety by limiting the extent of the liability assumed, and enters into the obligation of the bond given under the statute. As such it is one of the conditions of the contract, and therefore an action cannot be maintained against the surety unless brought within the period thus fixed.

In many policies of insurance it is provided that no action can be maintained thereon unless brought within a year, or other fixed time, from the date of loss, and such provision is sustained. *Riddlesbarger* v. *Insurance Co.*, 7 Wall. 386; *Carter* v. *Insurance Co.*, 12 Iowa, 287. If valid at place of contract, such provision is valid everywhere.

The statute of Wisconsin does not give to the wards an unlimited right of action against the sureties on the bond. It creates a limited right of action, and, when suit is brought in Iowa upon the bond given in pursuance of such a statute, regard must be had to the provisions of the statute in determining whether a right of action exists. In favor of a surety who has assumed only the liability provided by the statute, its provisions must be deemed to be part of the contract, in such sense that if, by its terms, all right of action thereon has ceased to exist in the state under whose laws it was contracted, no action can be maintained thereon else-

where.   If there are circumstances, legal or equitable, which save to the plaintiffs a right of action, notwithstanding the lapse of time, the same should be pleaded.

It does not appear that the failure to bring suit against the surety within four years after the discharge of the guardian ·was due to any legal disability to maintain an action on part of the wards, or to fraud, concealment, or the like on part of the surety.   It does appear that this action against the surety was not brought until 11 years after the death of the guardian, and 10 years after the allowance of the claim of the wards against his estate; and this lapse of time is a defense, under the provisions of the Wisconsin statute limiting the right of action against the surety to the period of four years from the discharge of the guardian.

Demurrer is therefore sustained.