HUDSON *et al.* v. BISHOP.

(*Circuit Court, N. D. Iowa, E. D.* August 9, 1888.)

1. GUARDIAN AND WARD—ACTION ON BOND—LIMITATION.
   Rev. St. Wis. § 3968, provides that "no action shall be maintained against the sureties on any bond given by a guardian, unless it be commenced within four years from the time when the guardian shall have been discharged." *Held*, that the bond being statutory, and the limitation a special one for the benefit of the sureties, the limitation entered into and formed a part of the sureties' contract.

2. SAME—RUNNING OF STATUTE—DEATH OF GUARDIAN.
   The death of the guardian before the ward comes of age operates to "discharge" him, within the meaning of the above act, and the special limitation in favor of the sureties begins to run from the date of the death.[1]

---

[1] The death of the ward is held to be a discharge of the guardian, under Pub. St. Mass. c. 139, § 28, which provides that actions against sureties upon the bond of a guardian must be commenced within four years after his discharge, McKim v. Mann, (Mass.) 6 N. E. Rep. 740; and the liability of the surety accrues immediately, Glass v. Woolf's Adm'r, (Ala.) 3 South. Rep. 11. The statute commences to run against an action on a guardian's bond when the person ceases to be guardian. Probate Judge v. Stevenson, (Mich.) 21 N. W. Rep. 348. An action on a guardian's bond to recover the amount re-

At Law. Action on guardian's bond. On rehearing on demurrer to petition. For former opinion, see 32 Fed. Rep. 519.

*Henderson, Hurd, Daniels & Kiesel,* for plaintiffs.

*A. M. Harrison,* for defendant.

BREWER, J. This case stands on demurrer to the petition, and involves the construction of section 3968 of the Revised Statutes of Wisconsin, which reads as follows:

"Every bond given by a guardian shall be filed and recorded in the office of the county court requiring the same, and, in case of any breach of the conditions thereof, may be prosecuted in the name of the ward for the use and benefit of such ward or any person interested in the estate, whenever the county court shall direct; but no action shall be maintained against the sureties on any bond given by a guardian unless it be commenced within four years from the time when the guardian shall have been discharged. But if, at the time of such discharge, the person entitled to bring such action shall be under any legal disability to sue, the action may be commenced at any time within four years after such disability shall be removed."

The case was submitted to my brother SHIRAS, who sustained the demurrer on the ground of the special limitation provided in the section. The question has been reargued on briefs, and I have been asked by him to join in its consideration. I think it is a close question. The general rule undoubtedly is that the law of the forum controls the remedy, including therein the matter of limitation; and yet it is difficult to evade the force of the argument so clearly put by my brother SHIRAS in his opinion, 32 Fed. Rep. 519, that this section provides for a special limitation entering into and forming, so far as the sureties are concerned, a special contract. It certainly is not a part of the general limitation law of the state, or applicable to all written contracts, but is a special provision, applicable to those who enter into a particular form of obligation. That the legislature has the power to provide by statute such protection to persons who thus contract cannot be doubted; and in what other way would their protection be secured than by just such special legislation? Of course, if a contract is written out, and a special limitation contained in it, as is found in insurance contracts, such limitation is recognized everywhere, no matter what the general law of limitation of the forum may be, and every contract is made with reference to the law in force in the place where it is made. Of course, that may be said of contracts affected by general limitation laws; but those general limitation laws entering into and becoming a part of the contract are held to mean simply this: that no action shall be maintained within the limits of the jurisdiction unless within the time specified in the limitation. Parties are assumed to contract with special reference to the character of the obligation assumed. But not merely in this case is the provision found in a

maining in the hands of the guardian first accrues to the ward when such amount is ascertained by the county court on the settlement of the guardian's final account. Ball v. La Clair, (Neb.) 22 N. W. Rep. 118. The fact that a claim against the estate of a deceased guardian is not presented for allowance within the two years limited by statute does not discharge the surety on the bond of the guardian. Smith v. Smithson, (Ark.) 3 S. W. Rep. 49.

separate section; not merely is it a limitation with respect to a particular class of obligations, but the whole tenor of the section indicates that a special contract with special liabilities is contemplated. The direction of the court seems a prerequisite to any action, and when the nature of the liability of sureties is considered, it seems clear that the legislature of Wisconsin intended by this section a special liability bounded and limited in a special way, and that a contract of suretyship entered into under such a statute must be held to have incorporated into it all those provisions of limitation. I have no doubt that, logically, that is a fair and true construction of the statute; and while it conflicts with the general rule as to limitations, yet I think my brother SHIRAS has shown sufficient reasons to justify us in holding it outside of the general rule. I have no doubt that the death of the guardian is a discharge within the meaning of the section. I therefore concur with him in sustaining the demurrer.