BIELENBERG, Special Administrator, Appellant, *v.* HIGGINS et al., Respondents.

(No. 6,457.)

(Submitted April 5, 1929.  Decided May 13, 1929.)

[277 Pac. 636.]

*Messrs. Loble & Adair* and *Mr. C. E. Pew,* for Appellant, submitted an original and a reply brief; *Mr. Hugh R. Adair* and *Mr. Pew* argued the cause orally.

*Mr. W. E. Keeley* and *Miss Virginia McGuire,* for Respondent, and *Mr. W. I. Higgins,* submitted an original and a reply brief; *Mr. Keeley* argued the cause orally.

*Messrs. Kremer, Sanders & Kremer,* for Respondent Metals Bank & Trust Company.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to recover judgment for money paid by N. J. Bielenberg as accommodation maker of a promissory note for $29,000, made by W. I. Higgins as principal obligor, and to foreclose a mortgage given by defendants W. I. Higgins and Alma M. Higgins, his wife, to secure N. J. Bielenberg against liability on the note. The court sustained a general demurrer to the amended complaint filed by the defendant bank, and a general and special demurrer filed by the defendants W. I. and Alma M. Higgins. Judgment was entered for defendants, and this appeal followed.

No argument having been presented by appellant on the question of the correctness of the court's order sustaining the demurrer of the defendant bank, we have treated the assignment of error in that respect as waived and will consider the sufficiency of the amended complaint as to the defendants W. I. and Alma M. Higgins only.

The amended complaint consists of three separate causes of action. The first sets forth that on October 17, 1917, Nicholas

J. Bielenberg signed a $29,000 note as accommodation maker with the defendant W. I. Higgins as principal obligor, and that Higgins agreed in writing to hold him harmless; that W. I. Higgins and Alma M. Higgins executed and delivered a mortgage covering certain real property to N. J. Bielenberg to secure him against loss on the note; that N. J. Bielenberg thereafter paid the note, and no part of it has been repaid to him; that defendants W. I. Higgins and Alma M. Higgins are indebted to his estate in the sum of $43,538.87 with costs and interest, the same being the amount paid by N. J. Bielenberg on the note; that N. J. Bielenberg died on July 6, 1927; and that Claude N. Bielenberg is the duly appointed and qualified special administrator of the estate, and brings this action to protect and preserve the estate.

The second cause of action is the same as the first, except it omits all reference to the mortgage and written instrument securing N. J. Bielenberg against loss.

The third cause of action is the same as the second, except that it pleads an agreement made by N. J. Bielenberg and W. I. Higgins on December 15, 1920, whereby they agreed to sell certain mining property owned by them and to apply the proceeds to the payment of this indebtedness and others not here involved.

Contention is made by defendants that the indemnity contract or mortgage referred to in the complaint is void for want of consideration.

In this state the presumption obtains that there was a good and sufficient consideration for a written contract. (Sec. 10606, subd. 39, Rev. Codes 1921; sec. 7512, Id.) And the burden of showing a want of consideration is on the party seeking to avoid it. (Sec. 7513, Id.; *Noyes* v. *Young*, 32 Mont. 226, 79 Pac. 1063.) Furthermore, the complaint states facts sufficient to constitute a cause of action in the absence of the agreement. The rule is that: "As between the party accommodated and the accommodation party, * * * the relations are those of principal and surety; and his right to re-

course against the party accommodated is that of a surety against the principal debtor." (8 C. J. 269.) And section 8205, Revised Codes of 1921, provides in part: "If a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses."

Other grounds of demurrer are (1) that there is another action pending between the same parties for the same cause; (2) that the plaintiff has not the legal capacity to sue; (3) that the claim is barred by the statute of limitations; and other grounds, held without merit in the companion case of *Bielenberg* v. *Higgins, ante,* p. 56, 277 Pac. 631. What is said in the opinion in that case on these grounds of demurrer applies equally to this case, and, in consequence, the judgment is reversed and the cause remanded, with directions to set aside the order sustaining, and to enter an order overruling, the demurrer of the defendants W. I. Higgins and Alma M. Higgins.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.

Rehearing denied June 4, 1929.