# JANES, Appellant, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent.

(No. 8,232.)

(Submitted November 4, 1941.   Decided November 22, 1941.)

[119 Pac. (2d) 39.)

*Messrs. Paul W. Smith, David R. Smith* and *J. Miller Smith,* for Appellant, submitted a brief.

*Messrs. Weir, Clift & Bennett,* for Respondent, submitted a brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment entered in favor of the defendant after its demurrer to plaintiff's complaint was sustained and plaintiff declined to plead further; hence the only

question for consideration is whether the complaint states facts sufficient to constitute a cause of action against the defendant.

Briefly summarized, the complaint alleges: That G. A. Janes was purportedly appointed guardian of the person and estate of plaintiff by a court order entered on the 12th day of March, 1926, in the district court of Roosevelt county; that on the 2nd day of February he furnished a bond as guardian with the defendant as surety, which bond was filed on the 15th day of March. The bond was conditioned as follows: "If the said Geo. A. Janes, Guardian, shall faithfully execute the duties of said trust according to law, and shall well, faithfully, and truly perform all official duties now or hereafter imposesd upon him by any law of the State, and that said Principal will account for and pay over and deliver to the person, or officer, entitled to receive the same, all moneys or other property that may come into the hands of such Guardian, then this obligation to be void, otherwise to remain in full force and effect."

On September 16, 1937, the district court of Roosevelt county made an order vacating and setting aside the letters of guardianship and declaring them to be of no force and effect and void *ab initio*. It is alleged in the complaint that "pertaining to said guardianship and the matter herein set forth, the said G. A. Janes failed and refused to account for and pay over and deliver to plaintiff money and other property that came into his hands under said proceedings and as such guardian, and because thereof, on the 11th day of October, 1940," a judgment was obtained in the federal court in plaintiff's favor against Arlie M. Foor, as administrator of the estate of George A. Janes, deceased, in the sum of $11,907.48, with interest and costs; that the judgment is wholly unpaid; that because thereof an action has accrued to plaintiff against the defendant in the sum of $2,000 for which judgment was sought. A copy of the judgment is attached to the complaint, showing that most of the items going to make up the amount of the recovery arose during the time covered by the guardianship. The defendant in this action was not a party to the action resulting in the judgment in the federal court.

The first point raised by the defendant is that the complaint ▮▮▮▮ does not state facts sufficient to constitute a cause of action, in that defendant cannot be bound by the judgment to which it was not a party. The rule is settled by a long line of cases that the surety is bound by a judgment against the principal if rendered as a part of the probate proceedings. This court has so held in a number of cases. (*Botkin* v. *Kleinschmidt*, 21 Mont. 1, 52 Pac. 563, 69 Am. St. Rep. 641; *Swanberg* v. *National Surety Co.*, 86 Mont. 340, 283 Pac. 761; *Kenck* v. *Parchen*, 22 Mont. 519, 57 Pac. 94, 74 Am. St. Rep. 625; *Baker* v. *Hanson*, 72 Mont. 22, 231 Pac. 902; *Oliveri* v. *Maroncelli*, 94 Mont. 476, 22 Pac. (2d) 1054; *Mitchell* v. *Columbia Casualty Co.*, 111 Mont. 88, 106 Pac. (2d) 344.) These cases are based upon sound reason. The surety is bound by the various notices which must be given in a probate proceeding. In this case, however, we do not have a judgment or decision made in the probate proceedings, and when the judgment is rendered outside the probate proceedings, a contrary result is reached. In such case the surety must be made a party in order to be bound by the judgment. Montana has taken this position in *Rodini* v. *Lytle*, 17 Mont. 448, 43 Pac. 501, 502, 52 L. R. A. 165. In that case the court said: ''They [the sureties] have a right to contest with the plaintiff the question of their liability, for to hold that they are concluded from this contestation by the suit against the sheriff is to hold that they undertook, for him, that they would be responsible for any judgment against him which might be rendered by accident, negligence, or error, instead of merely stipulating that they would be responsible for his official conduct. The authorities which sustain this view are numerous.'' (See cases cited in note in 52 L. R. A. 165.)

However, whatever the rule may be regarding the liability of the surety for the judgment against his principal where the surety was not made a party, the question cannot be raised by general demurrer under the facts here alleged. As above noted, the complaint alleges that ''G. A. Janes failed and refused to account for and pay over and deliver to plaintiff money and other property that came into his hands under said proceedings

and as such guardian." The complaint then proceeds to allege, by way of recital, that a judgment was obtained in the federal court against the representative of the guardian's estate. If we eliminate the recital with reference to the federal court judgment, the complaint would still be sufficient for the recovery of some amount against the surety. If the surety is not bound by the federal court judgment, that question would arise when the judgment is offered in evidence. Some courts hold that such a judgment is prima facie evidence of the facts adjudged. (*Moses* v. *United States,* 166 U. S. 571, 17 Sup. Ct. 682, 41 L. Ed. 1119.) Whether we treat the judgment as prima facie evidence of the adjudged facts or not, the defendant surety company should have the right to contest the facts adjudicated by the judgment, since it was not a party to the action. But, as we have said before, that question does not affect the sufficiency of the complaint but only goes to the matter of the weight and admissibility of evidence.

One other point must be considered. The respondent contends that the action is barred by section 10460, Revised Codes, which provides that "no action can be maintained against the sureties on any bond given by a guardian, unless it be commenced within three years from the discharge or removal of the guardian." The appellant contends that this statute has no application for the reason that there never was a guardianship relationship legally in existence and that the relationship was actually one of trusteeship. This contention cannot prevail. The purported guardian was at least an equitable one. (*Hastings* v. *United States Fidelity & Guaranty Co.,* 116 Ark. 220, 172 S. W. 1016.) Aside from that, the applicable rule is ably stated in the case of *Hudson* v. *Bishop,* C. C., 35 Fed. 820. The case of *Dudley* v. *Rice,* 119 Wis. 97, 95 N. W. 936, 939—a case on all fours with the case at bar—has summarized Justice Brewer's holding in the *Hudson Case* in the following language: "The idea is that a contract of suretyship supposed by the sureties to have been made under this statute [special statute of limitations similar to one above quoted] must be held to have incorporated in it the special provision contained in the statute

limiting the liability of the sureties on such a contract. The action is barred not because of the statute of limitation operating on a guardian's bond, but because, in contemplation of law, the parties put this limitation in their contract, and it cannot be taken out of the contract, even though it be now discovered that it never was a guardian's bond.''

Section 10460 became a part of the suretyship contract even though the order appointing the guardian was void for want of jurisdiction. When the order appointing the guardian was held void, the guardian was in effect discharged within the meaning of section 10460 (*Dudley* v. *Rice*, supra), and the action must have been brought within the time specified by that section.

A relative question is whether or not the force of section 10460 may be raised by a general demurrer to the complaint, or whether it must be specially pleaded in the answer. This question, too, was involved in the case of *Hudson* v. *Bishop*, supra. That case was first reported in C. C., 32 Fed. 519. There Justice Shiras held that the special statute of limitations affecting an action against the sureties on a guardian's bond was one going to the right and not to the remedy, and could be taken advantage of on general demurrer. Also, in the same case in C. C., 35 Fed. 820, Mr. Justice Brewer held the limitation was properly raised by demurrer. This rule has been applied under similar facts in this state. (*Berkin* v. *Marsh*, 18 Mont. 152, 44 Pac. 528, 56 Am. St. Rep. 565.)

It is our view, however, that the question whether the action is barred may not be raised by demurrer. Section 10460 is denominated in the statutes as one of limitations. Section 9065 specifically provides that this objection can be taken only by answer. Obviously, the most practical way in which to raise the objection that the action was not commenced within the time provided in section 10460 is by answer. That section in part provides: ''But if, at the time of such discharge, the person entitled to bring such action is under any legal disability to sue, the action may be commenced at any time within three years after such disability is removed.'' Here the com-

plaint discloses that plaintiff, at the time of the attempted appointment of the guardian, was incompetent. When he was restored to competency does not appear. Should defendant plead the statute of limitations as a defense, plaintiff should have the opportunity to show by reply that he brought the action within three years after his disability was removed. It does not seem to us that he should be required to show all these facts in the complaint. Accordingly we hold that the complaint states facts sufficient to constitute a cause of action. Whether it is barred by section 10460 is a matter to be raised only by answer.

The judgment is reversed and the cause remanded with direction to allow defendant a reasonable time to answer.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.