MARYLAND CASUALTY CO., APPELLANT, *v.* WALSH, ADMINISTRATRIX, ET AL., RESPONDENTS.

(No. 8542.)

(Submitted January 17, 1945. Decided February 2, 1945.)

[155 Pac. (2d) 759.]

*Messrs. Poore & Poore* and *Mr. R. F. Gaines,* for Appellant, submitted an original and a reply brief; *Mr. J. A. Poore* argued the cause orally.

*Messrs. W. D. Kyle, Frank L. Riley, Alf C. Kremer,* and *Ralph J. Anderson,* for Respondents, submitted a brief; *Mr. Anderson* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Margaret M. Sullivan died testate in 1924. Her will was admitted to probate in 1925 and letters testamentary issued to James C. Sullivan and Jane S. Higgins, her son and daughter, who were named therein as executor and executrix. The will gave each of them specific devises and residual devises and bequests; certain others, defendants herein, were named as beneficiaries, but the nature of their devises or bequests does not appear in the record.

The plaintiff Maryland Casualty Company became surety upon the bond of each in the sum of $3,000. Each principal in the application for the bond agreed "to indemnify and keep indemnified the said Company from any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which said Company shall or may for any cause, at any time, sustain or incur, to be put to or become liable for under this bond." That agreement becomes material only if it entitles the surety to indemnity without the surety's first satisfying any part of the principal obligation. For the statute provides that "if a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses." (Section 8205, Rev. Codes; *Bielenberg* v. *Higgins,* 85 Mont. 69, 277 Pac. 636; *American Surety Co. of New York* v. *De Carle,* 9 Cir., 25 Fed. (2d) 18.)

562

However, we need not determine the effect of the agreement in that respect for reasons which will later appear.

Executor Sullivan died in 1927 and executrix Higgins in 1935. In its order of settlement of the accounts of their administration the district court found that by virtue of their conduct of the estate James C. Sullivan was indebted to the estate in the sum of $476.67 and Jane S. Higgins in the sum of $4321.77. That order was before us and was declared final in *In re Sullivan's Estate*, 112 Mont. 496, 118 Pac. (2d) 137. It is binding also upon the surety. (*Kenck* v. *Parchen*, 22 Mont. 519, 57 Pac. 94, 74 Am. St. Rep. 625; *Swanberg* v. *National Surety Co.*, 86 Mont. 340, 283 Pac. 761; *Janes* v. *Fidelity & Deposit Co.*, 112 Mont. 580, 119 Pac. (2d) 39.) No part of the indebtedness has been paid by principal or surety. Thus it is clear that the plaintiff, and also the estates of the respective fiduciaries, are liable in the respective amounts above named. It is clear, also, that the administratrix of the Margaret M. Sullivan estate, upon making any distribution to the estates of James C. Sullivan and Jane S. Higgins, must withhold from each the amount of its respective indebtedness, or so much thereof as the respective distributive shares will cover, since otherwise the surety will be exonerated to that extent. For section 8203, Revised Codes, provides:

"A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced."

However, here the surety seeks something further; namely, without satisfying any part of the principal obligation, it seeks to be exonerated to the extent of costs and attorney's fees, in some unstated amount in excess of $4,000 alleged to have been incurred in several actions and other proceedings instituted against it and its principals in connection with the defaults. This exoneration it seeks on the theory that the agreement con-

stituted an equitable assignment of each principal's respective distributive shares in the Margaret M. Sullivan estate to the extent necessary to cover the expenses.

Thus deeming itself the holder of equitable assignments of its principals' interest in their mother's estate, plaintiff has proceeded under the chapter of the probate code relating to the determination of heirship and interest in estates. (Secs. 10324, 10325 and 10326, Rev. Codes.) Under the first section plaintiff filed a petition asking the court to ascertain and determine the heirship, ownership and interest of all parties in and to the property of Margaret M. Sullivan, deceased. Under the procedure prescribed by these sections plaintiff then filed a complaint, setting forth its claim substantially as above stated, and the other persons appearing, including the administratrix with will annexed of the Estate of Margaret M. Sullivan, the executrix of the Will of James C. Sullivan, the Administrator of the Estate of Jane S. Higgins, and others claiming interests in the Estate of Margaret M. Sullivan, filed general demurrers to plaintiff's complaint. The demurrers were sustained, the plaintiff refused to plead further, and judgment was rendered dismissing the action.

The question is whether the complaint states a cause of action, and the only point necessary to determine is whether the plaintiff has stated facts constituting "claim of heirship, ownership, or interest in said estate" as required by section 10325. More specifically the question is whether plaintiff has, by reason of an equitable assignment, an interest in said estate which the court might adjudicate in this special statutory proceeding.

We are unable to find any authority sustaining plaintiff's theory of an equitable assignment. As noted above, section 8205 binds the principal to reimburse the surety for disbursements including necessary costs and expenses, upon the surety's satisfaction of the principal obligation, or any part thereof; and the express agreement relied upon may have eliminated the latter requirement. Thus the plaintiff may already have a claim against its principals and their estates for reimbursement, but

there is nothing in our statutes, or in any other authority we have been able to find, which provides that plaintiff's claim has priority over all other claims, or that it amounts to an equitable assignment of all or any specific part of the property of the principal or his estate.

Plaintiff cites 50 C. J. 244, 245, section 396, and the note in 117 Am. St. Rep., at page 36. But those authorities merely recite the trustee's well-settled right (expressly provided in Montana by section 8204, Revised Codes) to go into equity to compel a principal to perform the obligation when due. The only suggestion of an equitable assignment in any authority cited by plaintiff is the quotation from 21 R. C. L. 1111, section 146 (50 Am. Jur. 1052, sec. 255) that "when a surety comes into a court of equity to compel the principal to pay the debt, he stands in the position of an equitable assignee * * *." But plaintiff fails to note that the sentence continues "and may use the remedies of the creditor at his own risk and cost * * *." In other words, in that case the surety stands in the position of an equitable assignee of the creditor's claim against the principal, not of the principal's property or property interests.

Since there is no assignment to plaintiff of the legatees' and devisees' distributive interests in their mother's estate, this case is not within the holding in *In re Baxter's Estate*, 101 Mont. 504, 54 Pac. (2d) 869, that the assignee of such interest may have his rights adjudicated in this type of special proceeding.

Nor can it be held that the surety, as an equitable assignee of the creditor's claim against the principal, is entitled to have the $4000 withheld from the principal and delivered to it upon the distribution. For the creditor (the Margaret M. Sullivan Estate) has no claim against the executors for the expenses and attorneys' fees incurred by the surety, and therefore has nothing of that kind to assign; it is only the surety which can have that claim, in its own right and not by assignment from the creditor. Since no such claim exists on behalf of the estate, we cannot decide whether, if it existed and had been assigned, it would con-

stitute an interest subject to adjudication in a proceeding to determine distributive interests in an estate.

There being no foundation for the contention that either the principal's contractual or statutory liability for the reimbursement of the surety constitutes an equitable assignment of the principal's property, the complaint fails to show that plaintiff has any interest, equitable or otherwise, in its principals' distributive shares of the Estate of Margaret M. Sullivan, deceased. The complaint therefore fails to state a cause of action, and it is unnecessary to consider the other questions presented including the sufficiency of the complaint in other respects, the effect of the agreement, and the query whether in any event the question can be litigated, as here attempted, by a special proceeding in probate to determine heirship and distributive interests.

The judgment is therefore affirmed.

ASSOCIATE JUSTICES MORRIS, ADAIR, ANGSTMAN and CHEADLE concur.