No. 13494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

RAMON ARCHER,

Plaintiff and Respondent,

-vs-

LaMARCH CREEK RANCH OF MONTANA,
d/b/a Sundance Lodge,

Defendant and Appellant,

DAVID CHRISTENSEN,

Intervenor and Appellant.

_____

Appeal from: District Court of the Eleventh Judicial
             District,
             Honorable Robert Keller, Judge presiding.

Counsel of Record:

    For Appellant:

        Greg J. Skakles argued, Anaconda, Montana

    For Respondent:

        Hash, Jellison and O'Brien, Kalispell, Montana
        Kenneth E. O'Brien argued, Kalispell, Montana

_____

                    Submitted:  September 21, 1977
                      Decided:  NOV 10 1977

Filed: NOV 10 977

_Thomas J. Kearney_
                              Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

David Christensen appeals from the denial of his motion to intervene and the entry of default judgment against defendant LaMarch Creek Ranch. We affirm the judgment.

Plaintiff, Ramon Archer, commenced this action for foreclosure of a promissory note on March 14, 1973. The complaint alleged that defendant executed and delivered a promissory note to plaintiff in the amount of $13,876.98. The complaint further alleged that the note was past due and no payment had been received. Personal service was had on Robert Cope, president of LaMarch Creek Ranch, a Montana corporation.

On July 25, 1973, a motion to dismiss was submitted on behalf of defendant. The motion was denied and defendant was given twenty days in which to further plead. An answer in the form of a general denial was submitted on March 7, 1974. Four affirmative defenses were contained therein.

Trial was set for June 23, 1975. At the beginning of the trial without jury, counsel for defendant made a motion to intervene on behalf of Christensen. At that time counsel stated that he was no longer representing defendant and that the intervener's case would basically consist of the four affirmative defenses found in the answer previously filed on behalf of defendant. Counsel further stated he was without authority to appeal in behalf of defendant. The motion to intervene was taken under advisement and trial was had. Christensen was allowed to introduce both oral and documentary evidence concerning the four affirmative defenses.

On May 7, 1976, the District Court entered findings of fact, conclusions of law and judgment which denied Christensen's motion to intervene and entered default against defendant in the amount of $13,876.98 plus costs and attorney fees.

The cogent facts leading up to the filing of this action are as follows: On June 30, 1971, a stock purchase agreement was executed wherein plaintiff acquired 100 shares of stock in defendant corporation. The total purchase price was $10,000. Robert Cope, the president of defendant corporation, was listed as the seller. Christensen was also listed as a purchaser of stock and was a signatory to the stock purchase agreement. The purchase agreement provided that if Christensen or plaintiff wished to sell any or all of their stock, the defendant must purchase it. The stock certificates were endorsed to that end.

In November, 1972, plaintiff met with Cope in order to discuss the repurchase of his stock by the corporation. Thereafter, on November 22, Cope, as president of defendant corporation, executed a promissory note to plaintiff in the amount of $13,876.98. This sum was full compensation for the repurchase of plaintiff's stock, back salary and earned interest. The note was payable on or before January 1, 1973; no payments have been made on the note.

Christensen apparently learned of the promissory note in January, 1973. At that time he was a stockholder, director and secretary of defendant corporation. Christensen took no action to rescind the note or intervene on behalf of defendant until the day of the district court hearing.

Four issues are before this Court on appeal:

1. Whether the District Court erred in denying Christensen's motion to intervene.

2. Whether the District Court erred in entering default judgment against defendant.

3. Whether the affirmative defenses raised by Christensen were effective.

4. Whether the District Court erred in refusing to admit

defendant's exhibits A and D and in refusing to allow Christensen to testify concerning the solvency of defendant.

Christensen alleges error in the District Court's refusal to allow him to intervene in this matter. We disagree. Christensen's motion to intervene was made for the first time at the beginning of trial. The District Court judge took the motion under advisement and did not rule until all evidence had been presented. Christensen was allowed to fully present his defense. He was given the opportunity to present evidence on each of the four defenses upon which he relied. After hearing all the evidence, the judge correctly denied Christensen's motion to intervene on the basis of untimeliness. This party cannot claim he was denied the opportunity to be heard.

There is no doubt that Christensen was dilatory in his attempt to intervene. He first learned of the note involved herein in January, 1973. The record is barren of any attempt by Christensen to assert his claimed rights until June, 1975. In effect, Christensen sat on his claimed right for some two and one-half years. Under these circumstances it is clear that Christensen, by his failure to act, waived his right to contest the validity of the note and is now estopped from doing so.

The notion that one may waive a right by inaction is far from novel in this jurisdiction. In Northwestern Fire and Marine Insurance Co. v. Pollard, 74 Mont. 142, 149, 238 P. 594, it is stated:

> " * * * waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for such waiver, a party would have enjoyed. It may be proved by express declarations * * * or by a course of acts and conduct, or by so neglecting and failing to act, as to induce the belief that it was his intention and purpose to waive."
> (Emphasis added.)

See also Farmers Elevator Company of Reserve v. Anderson,

- 4 -

____Mont.____, 552 P.2d 63, 33 St.Rep. 614.

Christensen's second alleged error requires little discussion. Rule 55(a), M.R.Civ.P., governs default judgments and provides in pertinent part:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default." (Emphasis supplied.)

The record clearly reflects that defendant failed to appear at trial. Counsel for Christensen, who had previously represented defendant, specifically stated that he was not authorized to appear on behalf of defendant. No one having appeared on behalf of defendant at the trial, the District Court had no alternative but to grant plaintiff's motion for default judgment.

The answer originally filed on behalf of defendant contained four affirmative defenses. The affirmative defenses alleged that: (1) the promissory note was given without sufficient consideration; (2) the repurchase of the stock by means of a promissory note was a violation of the statutory requirement that such purchases be made with "surplus" funds; (3) the repurchase of stock rendered the corporation insolvent; and (4) the president lacked the authority to execute the promissory note on behalf of the corporation. These defenses substantially comprised Christensen's case and he alleged that these defenses were effective and the court erred in entering judgment against defendant.

An analysis of each of the above affirmative defenses convinces us that the District Court ruled correctly. As to the first defense of lack of consideration, we find an abundance of substantial evidence supporting the District Court decision. The rule in this jurisdiction is that a written instrument is presumptive evidence of a good and sufficient consideration and the

burden of attacking the sufficiency of such consideration is on the party seeking to invalidate the instrument. Section 13-510, R.C.M. 1947; Bielenberg v. Higgins, 85 Mont. 69, 227 P. 636. The record herein does not reflect even a scintilla of evidence tending to prove a lack of good and sufficient consideration for the note.

Christensen, in his second affirmative defense, alleges that the purchase of the stock by use of the promissory note was void as a violation of section 15-2205, R.C.M. 1947. In essence this statute prohibits the use of funds other than "surplus" funds for the repurchase of stock. Christensen concludes that no "surplus" funds were available at the time of the purchase and the transaction is therefore void.

The burden of proving an affirmative defense rests on the defendant. Baker National Bank v. Lestar, 153 Mont. 45, 453 P.2d 774. We find absolutely no proof that surplus funds were not available at the time the note was executed. In the absence of such proof in the record, we have no alternative but to deny the defense.

For a third affirmative defense, Christensen alleges that the repurchase of the stock occurred at a time when the corporation was insolvent, a violation of section 15-2260, R.C.M. 1947. Insolvency is defined as the " * * * inability of a corporation to pay its debts as they become due in the usual course of its business." Section 15-2202(n), R.C.M. 1947. The district court found that the defendant corporation was not insolvent on the date of the execution of the note. We agree. Again Christensen has not met his burden of proving the affirmative defense and we have no alternative but to deny the defense.

Christensen's final affirmative defense concerns his claim that the president lacked the authority to execute the note on

behalf of the corporation.  Absolutely no evidence is found in the record to support this contention.  The note was admitted without objection as to foundation by Christensen's attorney.  Hence the final affirmative defense must fail for lack of proof.

The final issue concerns the admissibility of certain items of evidence sought to be introduced by Christensen.  The first item, Exhibit A, was a copy of the stock purchase agreement involved herein.  Objection was made on the basis of relevancy and foundation.  We have stated that generally " * * * whatever naturally and logically tends to establish a fact in issue is relevant, and that which fails to qualify in this respect is not relevant."  1 Jones on Evidence, 5th Ed., section 151, page 270; Brion v. Brown, 135 Mont. 356, 340 P.2d 539.

The record reflects that the repurchase of plaintiff's stock was not made pursuant to the stock purchase agreement.  The District Court concluded, and we agree, that the stock purchase agreement was not relevant to establish any fact in issue.

The second item of evidence in question was Exhibit D which was an income statement for the period 12/1/72 to 1/31/73.  Objection was made on the basis of relevancy by plaintiff.  This statement showed the defendant corporation operated at a loss during this period.  This exhibit was offered by Christensen in an attempt to prove that the corporation was insolvent.  The District Court correctly ruled that this statement was irrelevant.  An income statement, standing alone, does not prove insolvency of a corporation.

The final item of evidence was the refusal of the court to allow Christensen to answer the question, "And could you please describe briefly what the financial situation of the corporation was at that time?"  A best evidence objection was made and

sustained.  The corporate records would be the best evidence of the financial condition of the corporation.  No attempt was made to explain the absence of these records.  The ruling of the District Court is therefore correct.

We affirm the District Court judgment in its entirety.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -